Rob Bonta
Attorney General of California
Anthony R. Hakl
Supervising Deputy Attorney General
Nelson R. Richards
Deputy Attorney General
State Bar No. 246996
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7867
  Fax: (916) 324-8835
  E-mail: Nelson.Richards@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official Capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>                Defendant. | 3:22-cv-00010-LAB-DEB<br><br>**OBJECTION TO NOTICE OF RELATED CASES**<br><br>Judge:      Hon. Larry A. Burns<br>Courtroom:  4A<br>Action Filed:    1/5/2022 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California (the "Attorney General"), hereby objects to Plaintiffs' Notice of Related, ECF No. 2.

Attempting to relate seemingly every case challenging the constitutionality of California's firearms regulations has become a common strategy in this district. After an initial period where many of these cases were transferred to a single district judge, judges in this district have stopped doing so when the Attorney General objects. *See* Pls.' Notice of Related Cases, *Renna v. Becerra*, 20-cv-2190-DMS-DEB (S.D. Cal. Nov. 10, 2020), ECF No. 4 (Sabraw, J.) (cases ultimately not related); Notice of Related Cases, *Nguyen v. Becerra* (S.D. Cal. Dec. 18, 2020), ECF No. 3 (Hayes, J.) (cases ultimately not related). Under Local Civil Rule 40.1(g), an action may be related to another action where both actions involve (i) "some of the same parties and are based on the same or similar claims," (ii) the same "property, transaction, patent, trademark, or event," or (iii) "substantially the same facts and the same questions of law." Actions involve the same or similar "claims" where they arise out of the same nucleus of operative facts. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (noting that claims are sufficiently similar for res judicata purposes where they "arise out of the same transactional nucleus of facts").

Here, the Notice of Related Cases claims that the instant action is related to *Rhode v. Becerra*, No. 18-cv-802-BEN-JLB (S.D. Cal.). That claim is incorrect. Although both cases raise facial challenges to California statutes under the Second Amendment and name the Attorney General in his official capacity, the similarities stop there and are insufficient to deem the instant action related to any of the prior cases. *See Harris v. Stonecrest Care Auto Ctr., LLC*, No. 04CV2593-LAB (LSP), 2008 WL 474388, at *1 (S.D. Cal. Feb. 20, 2008) (Burns, J.) (declining transfer of purportedly related case because, while "[t]he defendants in both cases are the same

1

and the cases involve similar legal theories," "[t]he complaint [in the prior case] involves a different plaintiff and arises from different facts").

This case concerns the constitutionality of different provisions than the various statutes at issue in *Rhode*. The Complaint here alleges that Assembly Bill 173 (2021-2022 Reg. Sess.) (2021 Cal. Stat., ch. 253) creates the possibility that the personal information of those who purchase firearms and ammunition may be publicly disclosed and therefore violates the Fourteenth Amendment right to privacy Second Amendment. *See, e.g.*, Compl. ¶¶ 87-124. *Rhode*, by contrast, involved a series of challenges, including dormant Commerce Clause and Second Amendment challenges, to the ammunition background check provisions enacted by Proposition 63, the Safety for All Act of 2016. Am. Compl. ¶¶ 82-133, *Rhode v. Becerra*, 18-cv-802 (S.D. Cal. June 11, 2018), ECF No. 9. Judicial resolution of the instant action will involve consideration of different legislative records and different legislative facts than those at issue in *Rhode*. It appears to involve different plaintiffs (though the Complaint does not disclose Plaintiffs' identities), and the central legal theories do not overlap. As such, this action does not involve the same or similar claims, the same property, transaction or event, or substantially the same facts and legal questions as were presented in *Rhode*. Accordingly, the instant action fails to satisfy any of the requirements for relatedness enumerated in Local Civil Rule 40.1(g), and the interests of judicial economy would not be served by deeming the instant action to be related to any of the prior actions.

For these reasons, the Attorney General respectfully object to the Notice of Related Cases filed in this action.

Dated: January 10, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


/s/ Nelson Richards
NELSON R. RICHARDS
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official Capacity as Attorney General of the State of California*

## CERTIFICATE OF SERVICE

Case Name:  **Doe, Jane, et al. v. Rob Bonta**       No.   **3:22-cv-00010**

I hereby certify that on January 10, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OBJECTION TO NOTICE OF RELATED CASES

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 10, 2022, at Sacramento, California.

      Eileen A. Ennis  
         Declarant           *[signature]* Signature

SA2022300119  
35815165.docx