1  Michael B. Reynolds, Bar No. 174534
   mreynolds@swlaw.com
2  Colin R. Higgins, Bar No. 268364
   chiggins@swlaw.com
3  Cameron J. Schlagel, Bar No. 320732
   cschlgel@swlaw.com
4  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
5  Costa Mesa, California 92626-7689
   Telephone:  714.427.7000
6  Facsimile:   714.427.7799

7  Attorneys for Plaintiffs

8

9                 **UNITED STATES DISTRICT COURT**

10               **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  JANE DOE, an individual; JOHN DOE          Case No. 3:22-cv-00010-LAB-DEB
    NO. 1, an individual; JOHN DOE NO.
13  2, an individual; JOHN DOE NO. 3, an
    individual; and JOHN DOE NO. 4, an
14  individual,                                **PLAINTIFFS' NOTICE OF *EX
                                               PARTE* APPLICATION AND
15               Plaintiffs,                    APPLICATION FOR
                                               TEMPORARY RESTRAINING
16          v.                                 ORDER AND ORDER TO SHOW
                                               CAUSE RE PRELIMINARY
17  ROB BONTA, in his official capacity as     INJUNCTION; MEMORANDUM
    Attorney General of the State of           OF POINTS AND
18  California; and DOES 1-25, inclusive,      AUTHORITIES; DECLARATION
                                               OF CAMERON J. SCHLAGEL;
19               Defendants.                   [PROPOSED] ORDERS**

20                                             *[Filed concurrently with Declaration
                                               of Jane Doe 1; Declaration of John
21                                             Doe 1; Declaration of John Doe 2;
                                               Declaration of John Doe 3; and
22                                             Declaration of John Doe 4]*

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

---

Ex Parte Notice and Application for Temporary Restraining Order

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Jane Doe, John Doe No. 1, John Doe No. 2, John Doe No. 3, and John Doe No. 4 (jointly, "Plaintiffs") will and hereby do move, on an *ex parte* basis, as soon as possible as it may be heard, for (1) a temporary restraining order preserving the status quo by enjoining enforcement of California Penal Code sections 11106, 14231, and 30352, as amended by Assembly Bill 173, 2021 Cal. Stat., Ch. 253, by any party, and (2) an order to show cause why a preliminary injunction should not issue (the "Application").

This *Ex Parte* Application is based on this Notice of *Ex Parte* Application; the attached Memorandum of Points and Authorities in support thereof; the attached Declaration of Cameron J. Schlagel; the contemporaneously-filed Declarations of Jane Doe, John Doe No. 1, John Doe No. 2, John Doe No. 3, and John Doe No. 4; the contemporaneously-filed Request for Judicial Notice; all papers and pleadings from this case on file with the Court; all other matters of which this Court may take judicial notice; any further evidence or argument offered to the Court at any hearing on this Application; and any other matters that the Court may consider.

This Application is made following counsel's provision of oral and written notice to the California Department of Justice ("Cal DOJ") and Attorney General Robert Bonta ("Defendant" or "Attorney General") in accordance with Civ. L.R. 83.3(g)(2).

Dated: January 10, 2022

Respectfully submitted,

SNELL & WILMER L.L.P.

By: _____
Michael B. Reynolds
Colin R. Higgins
Cameron J. Schlagel
Attorneys for Plaintiffs

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 2 -

(22cv00010)

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................11

II. STATEMENT OF FACTS ...........................................................12

   A.  The AB 173 Amendments. ...................................................13

   B.  Effects of the AB 173 Amendments. ...................................14

III. THE COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER ..........................................................................................17

   A.  Plaintiffs Are Likely to Prevail on the Merits .....................17

      1.  The Federal Constitution Protects Plaintiffs against Public Dissemination of their Personal Information. ..........................18

         a.  The Fourteenth Amendment Right against Disclosure of Confidential Personal Information. ..........18

         b.  Governmental Dissemination of Private Personal Information Impermissibly Chills the Exercise of Second Amendment Rights. ...............................................24

         c.  Plaintiffs Have a Right to Privacy in their Personal Information under California's Constitution and Statutes. ...................................................................25

      2.  The AB 173 Amendments Are Unconstitutionally Retroactive as Applied to Plaintiffs' and Plaintiffs' Personal Information. ................................................................26

      3.  The AB 173 Amendments Violate Plaintiffs' Rights under the Second Amendment to the U.S. Constitution. .....................28

      4.  The AB 173 Amendments and California Penal Code section 26715 Are Preempted Under the Supremacy Clause of the U.S. Constitution. ...............................................30

      5.  AB 173 Was Enacted in Violation of the California Constitution ...........................................................................31

         a.  Plaintiffs' Eighth Claim for Relief. ................................31

         b.  Plaintiffs' Ninth Claim for Relief. .................................32

         c.  Plaintiffs' Tenth Claim for Relief. .................................33

   B.  Plaintiffs Will Suffer Irreparable Harm. ..............................34

(22cv00010)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**
(continued)

**Page**

C.    An Injunction Will Serve the Public Interest........................................35

IV.    CONCLUSION ............................................................................................36

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

(22cv00010)

Ex Parte Notice and Application for Temporary Restraining Order

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4

*Alliance of the Wild Rockies v. Cottrell,*
632 F.3d 1127 (9th Cir. 2011) ............................................................... 17

*Am. Trucking Associations, Inc. v. City of Los Angeles,*
559 F.3d 1046 (9th Cir. 2009) ............................................................... 34

*American Academy of Pediatrics v. Lungren,*
16 Cal. 4th 307 (1997) ........................................................................... 25

*Ams. for Prosperity Foundation v. Bonta,*
141 S. Ct. 2373 (2021) ........................................................................... 29

*Amwest Surety Ins. Co. v. Wilson,*
11 Cal. 4th 1243 (1995) ......................................................................... 32

*Barry v. City of New York,*
712 F.2d 1554 (2d Cir. 1983) ................................................................ 17

*Bauer v. Becerra,*
858 F.3d 1216 (9th Cir. 2017) ............................................................... 29

*Bellotti v. Baird,*
443 U.S. 622 (1979) ............................................................................... 24

*Bernhardt v. Los Angeles County,*
339 F.3d 920 (9th Cir. 2003) ................................................................. 36

*California Lab. Federation v. Occupational Safety & Health Stds. Bd.,*
5 Cal. App. 4th 985 (1992) ..................................................................... 33

*Carey v. Population Servs., Int.'l,*
431 U.S. 678 (1977) ............................................................................... 18

*City of Cerritos v. State of California,*
239 Cal. App. 4th 1020 (2015) .............................................................. 33

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,*
321 F.3d 878 (9th Cir. 2003) ................................................................. 17

*District of Columbia v. Heller,*
554 U.S. 570 (2008) .......................................................................... 28, 29

*Doe v. Attorney General,*
941 F.2d 780 (9th Cir. 1991) ....................................................... 19, 20, 21

*Doe v. City of New York,*
15 F.3d 264 (2d Cir. 1994) .................................................................... 19

*Drakes Bay Oyster Co. v. Jewell,*
747 F.3d 1073 (9th Cir. 2014) ............................................................... 35

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
———— L.L.P. ————
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

(22cv00010)

1

**TABLE OF AUTHORITIES**
(continued)

2
**Page(s)**

3   *Elrod v. Burns,*
4      427 U.S. 347 (1976)...............................................................................34

*Evangelatos v. Superior Court,*
5      44 Cal. 3d 1188 (1988) ..............................................................27

6   *Ezell v. City of Chicago,*
   651 F.3d 684 (7th Cir. 2011) ..................................................29

7   *Ferm v. United States Trustee (In re Crawford),*
8      194 F.3d 954 (9th Cir. 1999) ...........................................passim

*Garrett v. City of Escondido,*
9      465 F. Supp. 2d 1043 (S.D. Cal. 2006) .................................34

10  *Hill v. National Collegiate Athletic Ass'n,*
   7 Cal. 4th 1 (1994) ...................................................................25

11  *Howard Jarvis Taxpayers Ass'n v. Weber,*
12     67 Cal. App. 5th 488 (2021) .....................................................33

*Indep. Living Ctr. of S. California, Inc. v. Shewry,*
13     543 F.3d 1050 (9th Cir. 2008) ................................................30

14  *Kallstrom v. City of Columbus,*
   136 F.3d 1055 (6th Cir. 1998) ................................................21

15  *Lamont v. Postmaster General,*
16     381 U.S. 301 (1965) .......................................................18, 24

*Landgraf v. Usi Film Prods.,*
17     511 U.S. 244 (1994) .................................................................26

18  *Latta v. Otter,*
   771 F.3d 496 (9th Cir. 2014) ..................................................34

19  *NAACP v. Alabama ex rel. Patterson,*
20     357 U.S. 449 (1958) .......................................................18, 24

*NASA v. Nelson,*
21     562 U.S. 134 (2011) .......................................................19, 23

22  *Nixon v. Adm'r of General Servs.,*
   433 U.S. 425 (1977) .................................................................18

23  *Orff v. City of Imperial,*
24     No. 17-cv-0116-W, 2017 WL 556983 (S.D. Cal. Nov. 17, 2017) .....................22

*Petroleum Expl. v. Pub. Serv. Comm'n of Kentucky,*
25     304 U.S. 209 (1938) .................................................................35

26  *Planned Parenthood Affiliates v. Swoap,*
   173 Cal. App. 3d 1187 (1985) ................................................33

27  *Planned Parenthood of Se. Pa. v. Casey,*
28     505 U.S. 833 (1992) .................................................................18

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*Planned Parenthood of Southern Arizona v. Lawall*,

4

307 F.3d 783 (9th Cir. 2002) ........................................................................ 19

*Preminger v. Principi*,

5

422 F.3d 815 (9th Cir. 2005) ....................................................................... 35

6

*Professional Engineers in California Government v. Schwarzenegger*,

50 Cal. 4th 989 (2010) ................................................................................ 33

7

*Roe v. Sherry*,

8

91 F.3d 1270 (9th Cir. 1996) ................................................................. 22, 23

*San Joaquin Helicopters v. Department of Forestry*,

9

110 Cal. App. 4th 1549 (2003) ............................................................... 32, 33

10

*Shaw v. Delta Airlines, Inc.*,

463 U.S. 85 (1983) ...................................................................................... 30

11

*Shelton v. Tucker*,

12

364 U.S. 479 (1960) .................................................................................... 29

*Sierra On-Line, Inc. v. Phx. Software*,

13

739 F.2d 1415 (9th Cir. 1984) .................................................................... 17

14

*Silvester v. Harris*,

843 F.3d 816 (9th Cir. 2016) ...................................................................... 29

15

*Talley v. California*,

16

362 U.S. 60 (1960) ................................................................................ 18, 24

*Teixeira v. Cty. of Alameda*,

17

873 F.3d 670 (9th Cir. 2017) ...................................................................... 29

18

*Thornburgh v. American College of Obstetricians and Gynecologists*,

476 U.S. 747 (1965) .............................................................................. 18, 24

19

*Thorne v. El Segundo*,

20

726 F.2d 459 (9th Cir. 1983) ...................................................................... 23

*United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*,

21

489 U.S. 749 (1989) .................................................................................... 18

22

*United States v. Chovan*,

735 F.3d 1127 (9th Cir. 2013) ............................................................... 28, 29

23

*United States v. Sec. Indus. Bank*,

24

459 U.S. 70 (1982) ...................................................................................... 26

*United States v. Westinghouse Elec. Corp.*,

25

638 F.2d 570 (3d Cir. 1980) ....................................................................... 23

26

*Usery v. Turner Elkhorn Mining Co.*,

428 U.S. 1 (1976) ................................................................................. 26, 30

27

*Varo v. Los Angeles Cty. Dist. Atty's Office*,

28

473 F. Supp. 3d 1066 (C.D. Cal. 2019) ...................................................... 19

Ex Parte Notice and Application for Temporary Restraining Order

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Walls v. Petersburg,*
   895 F.2d 188 (4th Cir. 1990) ........................................................................ 19, 21

*Warren v. City of Chico,*
   No. 2:21-CV-00640-MCE-DMC, 2021 WL 2894648 (E.D. Cal. July 8,
   2021) .................................................................................................................... 35

*Whalen v. Roe,*
   429 U.S. 589 (1977) ......................................................................... 18, 19, 22

*Winter v. Nat. Res. Def. Council,*
   555 U.S. 7 (2008) .................................................................................................. 17

**STATUTES**

28 U.S.C. § 1331 ........................................................................................................ 30
5 U.S.C § 552a .......................................................................................................... 30
Cal. Civ. Code § 1798 ............................................................................................... 25
Cal. Civ. Code § 1798.24 .......................................................................................... 25
Cal. Const., Art. I, § 1 ........................................................................................ 25, 26
Cal. Const., Art. II, § 10 ........................................................................................... 11
Cal. Const., Art. II, § 10(c) ...................................................................................... 31
Cal. Const., Art. II, § 8 ............................................................................................. 31
Cal. Const., Art. II, § 8(a) ........................................................................................ 31
Cal. Const., Art. IV, § 12 .......................................................................................... 11
Cal. Const., Art. IV, § 12(e) ..................................................................................... 33
Cal. Const., Art. IV, § 8 ............................................................................................ 11
Cal. Const., Art. IV, § 9 ............................................................................................ 32
Cal. Elec. Code § 2166.7 .......................................................................................... 22
Cal. Gov. Code § 6254.21 ......................................................................................... 22
Cal. Gov. Code § 6254.24 ......................................................................................... 22
Cal. Pen Code § 30352(b) ......................................................................................... 32
Cal. Pen Code §§ 11106(b)(1)(A), (C), (F), (I) ...................................................... 13
Cal. Pen. Code § 11106 ..................................................................................... passim
Cal. Pen. Code § 11106(a) ........................................................................................ 13
Cal. Pen. Code § 11106(a)(2) ............................................................................. 20, 27
Cal. Pen. Code § 11106(b)(I) .................................................................................... 13
Cal. Pen. Code § 11106(c) .................................................................................. 20, 27
Cal. Pen. Code § 11106(d) .................................................................................. 23, 27
Cal. Pen. Code § 14231 ...................................................................................... 14, 34
Cal. Pen. Code § 14231(a) ........................................................................................ 21

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

(22cv00010)

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Pen. Code § 26150 .................................................................13
Cal. Pen. Code § 26175 .................................................................31
Cal. Pen. Code § 26175(a) ......................................................12, 30
Cal. Pen. Code § 26175(c) ............................................................12
Cal. Pen. Code § 26225(b) ............................................................13
Cal. Pen. Code § 26700 .................................................................13
Cal. Pen. Code § 26715 .................................................................30
Cal. Pen. Code § 26800 .................................................................13
Cal. Pen. Code § 28050 ...........................................................12, 13
Cal. Pen. Code § 28205(a) ............................................................12
Cal. Pen. Code § 28205(b) ............................................................12
Cal. Pen. Code § 28205(c) ............................................................12
Cal. Pen. Code § 28210 .................................................................20
Cal. Pen. Code § 28210(a) ............................................................12
Cal. Pen. Code § 28210(c) ............................................................12
Cal. Pen. Code § 28215 .................................................................20
Cal. Pen. Code § 28215(a) ............................................................12
Cal. Pen. Code § 28215(d) ............................................................12
Cal. Pen. Code § 28255 .................................................................13
Cal. Pen. Code § 3 ........................................................................27
Cal. Pen. Code § 30312 .................................................................12
Cal. Pen. Code § 30352 ...........................................................passim
Cal. Pen. Code § 30352(a) ......................................................12, 13
Cal. Pen. Code § 30352(b) .......................................................passim
Cal. Pen. Code § 3052(b) ........................................................27, 32
Cal. Pen. Code §§ 11106(a)(2) & (c) ......................................20, 27
Cal. Veh. Code § 1808.4 ................................................................22
U.S. Const., Amend. II ..................................................................28
U.S. Const., Amend. XIV ..............................................................26
U.S. Const., Art. VI, § 2 ...............................................................30

## REGULATIONS

11 Cal. Code Regs. § 4200 ......................................................12, 13
11 Cal. Code Regs. § 4281(d) ........................................................13

## OTHER AUTHORITIES

2016 Cal. Legis. Serv. Prop. 63 (WEST) .......................................31

Ex Parte Notice and Application for Temporary Restraining Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2016 Cal. Legis. Serv. Prop. 63, § 13 ................................................................. 32

2016 Cal. Legis. Serv. Prop. 63, § 8.13 ........................................................ 27, 32

2016 Cal. Stat., Ch. 24, § 30 ............................................................................... 21

2021 Cal. Stat., Ch. 253, § 11 ................................................................ 14, 27, 32

2021 Cal. Stat., Ch. 253, § 2 ......................................................................... 14, 27

2021 Cal. Stat., Ch. 253, § 5 ............................................................................... 14

AB 128 ................................................................................................................. 33

AB 173 ........................................................................................................... passim

Budget Act of 2021, § 2 ................................................................................ 33, 34

Pub. L. No. 93–579, 88 Stat. 1909 (1974) .......................................................... 30

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Ex Parte Notice and Application for Temporary Restraining Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## __INTRODUCTION__

   Unless immediately enjoined, Defendant will launch an unprecedented invasion of privacy of millions of Californians who purchased firearms and ammunition, or who are licensed to carry a concealed weapon.  Plaintiffs respectfully ask this Court to preserve the status quo while their challenge to newly enacted state legislation can be heard.  At issue is Assembly Bill 173 ("AB 173"), 2021 Cal. Stat., Ch. 253, signed into law on September 23, 2021, effective immediately.  That law amends certain provisions of California's firearms-related laws to authorize the Attorney General to disclose Plaintiffs' personal information to the California Firearm Violence Research Center at UC Davis (the "CFVRC") and any other "bona fide research institution."

   The AB 173 Amendments cannot stand.  They violate the privacy rights of Plaintiffs and millions of other law-abiding Californians under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the California Constitution; they are impermissibly retroactive in violation of the Fourteenth Amendment and the California Constitution; they unconstitutionally infringe on the rights of Plaintiffs under the Second Amendment; and they are preempted by federal law under the Supremacy Clause of the U.S. Constitution.  Finally, the amendments were enacted in violation of Section 10 of Article II and Sections 8 and 12 of Article IV of the California Constitution.

   Plaintiffs are very likely to succeed on their constitutional claims and will be irreparably harmed without an injunction. An injunction is in the public interest. An immediate injunction is therefore warranted and necessary.

## II.

## <u>STATEMENT OF FACTS</u>

Firearms transactions in California are regulated under a comprehensive scheme of statutes and regulations enforced by the Cal DOJ.  Every sale, loan, or transfer of a firearm and every ammunition purchase must be processed through a licensed dealer or vendor.  *See* Cal. Penal Code §§ 28050, 30312.  The Cal DOJ maintains detailed records of all such transactions, including records containing sensitive personal information.  *See id.* §§ 11106, 30352.

In connection with every firearm sale, the purchaser must provide the dealer their personal information, including name, address, and age.  *See* Cal. Penal Code §§ 28210(a), 28215(a).[1]  The firearms dealer, in turn, must report that information to the Cal DOJ.  *See id.* §§ 28210(c), 28215(d); *see also* Pls.' Req. for Judicial Notice (the "<u>RJN</u>"), Ex. 3 at 69, 75.  That process is completed by submitting the official form entitled "Dealers' Record of Sale" to the Cal DOJ, RJN, Ex. 4, through the Cal DOJ's "DROS Entry System" ("<u>DES</u>"), *see* RJN, Ex. 3 at 69, 75–98; 11 Cal. Code Regs. §§ 4200, *et seq*.  The same process applies for ammunition purchases.  *See* Cal. Penal Code § 30352(a); RJN Ex. 3 at 100–112.

Similarly, applications for licenses to carry a concealed firearm ("<u>Carry License</u>") must be made on the form prescribed by the Attorney General.  Cal. Penal Code § 26175(a).  The form requires the applicant's name, date of birth, social security number, California driver's license or ID number, occupation, residence, height, weight, color of eyes and hair, business address, and reason for desiring a license to carry the weapon, and personal information of the applicant's spouse, including name and address.  RJN, Ex. 5 at 117, 123; *see also* Cal. Penal

---

[1] Before 1998, firearm purchaser information was submitted to the Cal DOJ in the form of a register.  *See* Cal. Penal Code § 28205(a).  From 1998 through 2002, that information was submitted electronically or telephonically.  *Id.* § 28205(b).  As of 2003, information has only been transmitted electronically.  *See id.* § 28205(c).

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Code § 26175(c).  The issuing authority must report to the Cal DOJ every denial, issuance, and revocation of a Carry License, Cal. Penal Code § 26225(b), and the Cal DOJ maintains copies of all Carry Licenses and information reported to the Cal DOJ under California Penal Code sections 26150, *et seq.*, *see id.* §§ 11106(a), (b)(I); *see also* RJN, Ex. 6.

The information from firearm sales and Carry Licenses is kept in a registry called the "Automated Firearms System" (the "AFS").[2]  11 Cal. Code Regs. § 4281(d).  Ammunition purchaser information is retained in a database known as the "Ammunition Purchase Records File" (the "APRF"; jointly with the APRF, the "Databases").  Cal. Penal Code § 30352(b).[3]  The Databases thus contain highly sensitive personal information, including details like name, address, place of birth, phone number, occupation, sex, California driver's license or ID number, and social security number (the "Personal Information").

## A.   The AB 173 Amendments.

On September 23, 2021, Governor Newsom signed AB 173 into law as a budget trailer bill, RJN, Ex.1, amending the Penal Code as follows:

1.   Cal. Penal Code § 11106 added subdivision (d).   authorizing the Attorney General to turn over all information in the Databases to researchers affiliated with the CFVRC and to "any other nonprofit bona fide research

---

[2] The AFS is a "repository of firearm records maintained by the [Cal DOJ], as established by Penal Code section 11106," 11 Cal. Code Regs. § 4281(d), which is "populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons (during specified registration periods), an individual's report of firearm ownership to the [Cal DOJ], Carry Concealed Weapons Permit records, or records entered by law enforcement agencies."  RJN, Ex. 6.  It includes all information reported to the Cal DOJ under, *inter alia*, California Penal Code sections 26700 *et seq.*, 26800 *et seq.*, 28050 *et seq.*, 28255, and "any other law."  Cal. Penal Code §§ 11106(b)(1)(A), (C), (F), (I).

[3] *See also* RJN, Ex. 3 at 69, 75–98; 11 Cal. Code Regs. §§ 4200, *et seq.*

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

institution" accredited "for the study of the prevention of violence and following approval by the institution's governing institutional review board or human subjects committee when required."  *See* 2021 Cal. Stat., Ch. 253, §§ 2 & 2.5; Cal. Penal Code § 11106 (eff. Sept. 23, 2021).

2.     <u>Cal. Penal Code § 14231</u> added subdivisions (c)(1)–(3), (f), and (g), *inter alia*, establishing and expressing the intent to furnish CFVRC with access to the Databases and appropriating $10,000 to the Cal DOJ to accomplish that objective.  *See* 2021 Cal. Stat., Ch. 253, § 5; Cal. Penal Code § 14231 (eff. Sept. 23, 2021).

3.     <u>Cal. Penal Code § 30352</u> added subdivisions (b)(1)–(2) and, thus, removed prior confidentiality protections, expanded the permissible uses of ammunition purchaser information to include "research," and expanded the permissible recipients of Personal Information to the CFVRC and other research institutions (which the prior statute restricted to the Cal DOJ).  *See* 2021 Cal. Stat., Ch. 253, § 11; Cal. Penal Code § 30352 (eff. Sept. 23, 2021); *see also* RJN Ex. 2.[4]

**B.     Effects of the AB 173 Amendments.**

Plaintiffs are law-abiding residents who have purchased firearms and ammunition in California.  Decl. of Jane Doe (the "<u>Jane Doe Decl.</u>") ¶¶ 3, 5, 7; Decl. of John Doe No. 1 (the "<u>Doe 1 Decl.</u>") ¶¶ 3, 5, 7; Decl. of John Doe No. 2 (the "<u>Doe 2 Decl.</u>") ¶¶ 3, 5, 7; Decl. of John Doe No. 3 (the "<u>Doe 3 Decl.</u>") ¶¶ 3, 5, 7; Decl. of John Doe No. 4 (the "<u>Doe 4 Decl.</u>") ¶¶ 3, 5–6.  Additionally, Plaintiff John Doe 4 has a Carry License.  Doe 4 Decl. ¶ 7.  As a condition on the exercise of their Second Amendment rights, Plaintiffs and millions of other law-abiding California residents provided their highly sensitive Personal Information to the Cal

[4] These amendments are referred to hereinafter as the "<u>AB 173 Amendments</u>."

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DOJ, which stores that information in the Databases.  Jane Doe Decl. ¶¶ 5, 7; Doe 1 Decl. ¶¶ 5, 7; Doe 2 Decl. ¶¶ 5, 7; Doe 3 Decl. ¶¶ 5, 7; Doe 4 Decl. ¶¶ 5–6.  In doing so, Plaintiffs relied on the government's assurance that their information would be kept confidential and used ***only*** for law enforcement purposes.  Jane Doe Decl. ¶ 8; Doe 1 Decl. ¶ 8; Doe 2 Decl. ¶ 8; Doe 3 Decl. ¶ 8; Doe 4 Decl. ¶ 9.

Before the AB 173 Amendments, California law expressly precluded the Cal DOJ from disseminating Personal Information outside of government agencies and provided that Personal Information could be used only for law enforcement purposes.  *See, e.g.*, Cal. Penal Code § 11106 (eff. Jan. 1, 2021 to Sept. 22, 2021).[5] In an abrupt change, the AB 173 Amendments authorize Defendant to share Plaintiffs' Personal Information, and that of millions of California residents, with researchers affiliated with the CFVRC and other research institutions for purposes unrelated to law enforcement—the purpose for which Plaintiffs' provided their Personal Information to the Cal DOJ in the first instance.  Worse, the AB 173 Amendments do not adequately restrict the third-party recipients from further disseminating Plaintiffs' Personal Information, nor is there any enforcement mechanism to ensure confidentiality once the Personal Information is in the hands of those third-parties.

The public release of Plaintiffs' Personal Information threatens Plaintiffs' personal privacy and physical security.  Jane Doe Decl. ¶ 13; Doe 1 Decl. ¶ 13; Doe 2 Decl. ¶ 13; Doe 3 Decl. ¶ 13; Doe 4 Decl. ¶ 14.  Indeed, firearm owners often encounter concerted harassment, sometimes including violence,[6] and they are

---

[5] All previous versions of the statute required the California Attorney General to maintain Personal Information in the Databases and forbade disclosure except for law enforcement purposes.  *Compare* Cal. Penal Code § 11106 (eff. to Dec. 31, 1999), *with* Cal. Penal Code § 11106 (eff. Jan. 1, 2021 to Sept. 22, 2021).

[6] *See, e.g.*, Timothy O'Connor and Meghan E. Murphy, *Journal News gun permit map used by burglars to target White Plains home?*, NEWSDAY, Jan. 13, 2013;

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

frequent targets of criminal efforts to steal firearms from their homes and businesses.[7]   Turning over Plaintiffs' Personal Information to the CFVRC or other accredited research institutions greatly increases the risk of unauthorized public dissemination,[8] putting Plaintiffs and their families at personal risk, and further increases the likelihood of Plaintiffs' lawfully-owned firearms falling into the hands of criminals.

The injury to Plaintiffs is imminent and irreparable.   Without an injunction, Defendant will implement and enforce the AB 173 Amendments, in derogation of the constitutional rights of Plaintiffs and similarly situated, law-abiding people. Once Defendant discloses Plaintiffs' Personal Information, Plaintiffs will have suffered a constitutional injury for which they have no legal remedy.   *See* Jane Doe Decl. ¶¶ 11–13; Doe 1 Decl. ¶¶ 11–13; Doe 2 Decl. ¶¶ 11–13; Doe 3 Decl. ¶¶ 11–13; Doe 4 Decl. ¶¶ 12–14.

---

*Lessons Learned in Database Incident*, Roanoke Times & World News, Mar. 25, 2007.

[7]  In 2017, it was estimated that an average of 8,000 firearms are stolen from California homes each year. *Burglars Break Into Garden Grove Gun Store, Steal About 40 Firearms*, ABC7.com, Dec. 9, 2021, https://abc7.com/garden-grove-gun-store-burglary-guns-stolen/11315630/; Betsy Woodruff Swan, *Gun Store Robberies Alarm Law Enforcement Officials*, Politico, June 23, 2020, https://www.politico.com/news/2020/06/23/gun-store-robberies-law-enforcement-336104; *see also See* Chelsea Parsons and Eugenio Weigend Vargas, *Stolen Guns in America*, Center for American Progress, Jul. 25, 2017, https://www.americanprogress.org/article/stolen-guns-america/.

[8]  *See, e.g.*, Christopher Ying, *UC Data Breach Leaks Students' Personal Information to Dark Web*, The Daily Californian, Apr. 27, 2021, https://www.dailycal.org/2021/04/27/uc-data-breach-leaks-students-personal-information-to-dark-web/; Eric Stirgus, *AJC Continuing Coverage Georgia Tech Data Breach; Data Breach Began in December School Says*, Atlanta Journal Constitution, Apr. 4, 2019.

- 16 -                                        (22cv00010)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# III.

## THE COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER

A temporary restraining order is warranted where the movant demonstrates "(1) a combination of probable success on the merits and a possibility of irreparable injury, or (2) that its claims raise serious questions as to the merits and that the balance of the hardships tips in its favor."  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003); *see also Alliance of the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A plaintiff may also be entitled to preliminary injunctive relief upon a showing of a "fair chance" of success on the merits.  *Sierra On-Line, Inc. v. Phx. Software*, 739 F.2d 1415, 1421–23 (9th Cir. 1984); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (setting forth the elements for preliminary injunctive relief).  Courts in the Ninth Circuit utilize the sliding scale approach under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another.  For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."  *Alliance*, 632 F.3d at 1131.

### A.    Plaintiffs Are Likely to Prevail on the Merits.

"[T]he degree of intrusion stemming from public exposure of the details of a person's life is exponentially greater than [that stemming from] disclosure to government officials."  *Barry v. City of New York*, 712 F.2d 1554, 1561 (2d Cir. 1983), *cited with approval in Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954, 959 (9th Cir. 1999).  Plaintiffs do not challenge the government's *collection* of Personal Information from gun owners in its regulatory and law-enforcement duties, nor its *use* of that information in the performance of those duties.  Rather, Plaintiffs seek only to prevent *public dissemination* of their Personal Information to the CFVRC and other research institutions.

1.   The Federal Constitution Protects Plaintiffs against Public Dissemination of their Personal Information.

The individual right against governmental dissemination of private personal information implicates two constitutional doctrines.  The first is grounded "in the Fourteenth Amendment's concept of personal liberty," *Whalen v. Roe*, 429 U.S. 589, 598 n.23 (1977), which protects "the individual interest in avoiding disclosure of personal matters," *id.* at 599; *see also Nixon v. Adm'r of General Servs.*, 433 U.S. 425, 457 (1977) (reaffirming right to privacy in personal information).  The second protects against governmental efforts that chill "the exercise of constitutional rights by requiring disclosure of protected, but sometimes unpopular, activities." *Thornburgh v. American College of Obstetricians and Gynecologists*, 476 U.S. 747, 767 (1965), *overruled in part on other grounds by Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992); *see also Lamont v. Postmaster General*, 381 U.S. 301, 306–07 (1965) (invalidating USPS requirement that addressee affirmatively request delivery of "communist" materials in order to receive them); *Talley v. California*, 362 U.S. 60, 64–65 (1960) (municipal ban on unsigned handbills); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462–65 (1958) (compelled disclosure of NAACP membership list).

Disclosure of Plaintiff's Personal Information to private researchers both (i) violates the Fourteenth Amendment right against governmental disclosure of personal matters and (ii) has the inevitable effect of chilling the free exercise of fundamental individual rights under the Second Amendment.

a.   The Fourteenth Amendment Right against Disclosure of Confidential Personal Information.

The Fourteenth Amendment protects "a right of personal privacy," *Carey v. Population Servs. Int.'l*, 431 U.S. 678, 684 (1977), which includes a "privacy interest in keeping personal facts away from the public eye," *United States Dep't of*

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   *Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 769 (1989);

2   *see Whalen*, 429 U.S. at 599 n.25 (recognizing "the individual interest in avoiding

3   disclosure of personal matters").  Indeed, the Supreme Court has expressly

4   acknowledged the acute "threat to privacy implicit in the accumulation of vast

5   amounts of personal information in computerized data banks or other massive

6   government files." *Whalen*, 429 U.S. at 605; *see also NASA v. Nelson*, 562 U.S.

7   134, 155 (2011).

8          The Ninth Circuit interprets *Whalen* and its progeny as recognizing a right to

9   informational privacy in confidential personal information.  *Crawford*, 194 F.3d at

10  958; *see also Varo v. Los Angeles Cty. Dist. Atty's Office*, 473 F. Supp. 3d 1066,

11  1073 (C.D. Cal. 2019) (holding that the right to informational privacy includes

12  confidential information and rejecting contention that such right is limited to

13  medical information).  Other circuits have characterized the right as one "to

14  'confidentiality,' to distinguish it from the right to autonomy and independence in

15  decision-making for personal matters also recognized in *Whalen*." *Doe v. City of

16  New York*, 15 F.3d 264, 267 (2d Cir. 1994), *cited with approval in Crawford*, 194

17  F.3d at 958.  The first step in such cases is to determine whether the individual has

18  a protected informational privacy interest.  *See Crawford*, 194 F.3d at 958; *see also

19  Walls v. Petersburg*, 895 F.2d 188, 192 (4th Cir. 1990) (in determining whether

20  information is entitled to privacy protection, the court must first consider whether

21  there is a "reasonable expectation[ ] of confidentiality").  In this circuit, "the right

22  to informational privacy applies both when an individual chooses not to disclose

23  highly sensitive information to the government and when an individual seeks

24  assurance that such information will not be made public." *Planned Parenthood of

25  Southern Arizona v. Lawall*, 307 F.3d 783, 789–90 (9th Cir. 2002).

26         "The right to informational privacy, however, 'is not absolute; rather, it is a

27  conditional right which may be infringed upon a showing of proper governmental

28  interest.'" *Crawford*, 194 F.3d at 959 (quoting *Doe v. Attorney General*, 941 F.2d

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

780, 796 (9th Cir. 1991)).  As such, courts in the Ninth Circuit "engage in the delicate task of weighing competing interests to determine whether the government may properly disclose private information."  *Id.* (internal quotations omitted).  Relevant factors to be considered include:

> [T]he type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

*Doe v. Attorney General*, 941 F.2d at 796.  That list is not exhaustive, and the relevant considerations necessarily vary from case to case.  *Crawford*, 194 F.3d at 959.  In each case, however, the state must establish "that its use of the information would advance a legitimate state interest and that its actions are narrowly tailored to meet the legitimate interest."  *Id.* (internal quotations omitted).  In most cases, "it will be the overall context, rather than the particular item of information, that will dictate the tipping of the scales."  *Id.*

Here, Plaintiffs' Personal Information consists of intimate details such as name, address, place of birth, complete telephone number, occupation, sex, California driver's license number, social security number, and the types of firearms that they own.  *See generally* RJN, Exs. 3–6; Cal. Penal Code §§ 11106, 28210, 28215.  Plaintiffs reasonably expected that their Personal Information would be used only for law enforcement purposes (e.g., for the purpose of determining eligibility to purchase a firearm) and would otherwise be kept confidential.  Decls. at ¶ 8.  Indeed, before the AB 173 Amendments, California Penal Code sections 11106 and 30352 expressly limited disclosure of Plaintiffs' Personal Information to a limited class of statutorily defined governmental actors and agencies, and only for law enforcement purposes.  *Compare* Cal. Penal Code §§ 11106(a)(2) & (c) (eff. Jan. 1, 2021 to Sept. 22, 2021) *and* Cal. Penal Code § 30352(b) (eff. Jan. 1, 2017 to

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/2689

Sept. 22, 2021), *with* Cal. Penal Code § 11106 (eff. Sept. 23, 2021) *and* Cal. Penal Code § 30352(b) (eff. Sept. 23, 2021).[9]  Accordingly, Plaintiffs have a reasonable expectation of confidentiality in their Personal Information.  Public disclosure of that information thus implicates their right to informational privacy.  *Crawford*, 194 F.3d at 958; *Doe v. Attorney General*, 941 F.2d at 795–96; *Walls*, 895 F.2d at 192.

Because Plaintiffs have a right to privacy in their Personal Information, the government must show that the disclosure of that information is narrowly tailored to achieve a legitimate state interest.  *Crawford*, 194 F.3d at 959.  The government cannot meet its burden.  The CFVRC was established for the purpose of conducting research into firearm-related violence and to identify, implement, and evaluate firearm violence prevention programs.  *See* 2016 Cal. Stat., Ch. 24, § 30, *codified as* Cal. Penal Code § 14231(a) (eff. June 27, 2016).  Assuming *arguendo* that the stated objective is a "legitimate" state interest, the disclosure of Plaintiffs' Personal Information to researchers at the CFVRC and other research institutions is not a narrowly tailored means of achieving that interest.

Plaintiffs are law-abiding citizens—who passed background checks every time they acquired a firearm—as are millions of other similarly situated persons whose Personal Information is now suddenly subject to disclosure.  They have not committed any crimes, let alone "firearm-related violence."  As such, their Personal Information is unnecessary to conducting the research contemplated by the statute.

Moreover, Plaintiffs have a credible fear of violence, harassment, and other risks attendant to the public disclosure of their Personal Information.  That credible fear should be afforded great weight.  *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998) (officers had a constitutional privacy interest because disclosure of their personal information implicated a fundamental interest "in preserving their lives and the lives of their family members, as well as preserving

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

---

[9] *See also* note 1, *supra*, and accompanying text.

their personal security and bodily integrity").  Indeed, the AB 173 Amendments are in direct conflict with other California statutes that explicitly protect the informational privacy of current and former judges, peace officers and other public officials.  *See, e.g.*, Cal. Gov. Code §§ 6254.21 & 6254.24 (confidentiality for peace officers, judges, and other officials); Cal. Veh. Code § 1808.4 (same); Cal. Elec. Code § 2166.7 (same).

In addition, the AB 173 Amendments are not sufficiently tailored. As this Court has recognized, in cases upholding laws that compelled the collection or disclosure of private information, courts have emphasized that the validity of the law turns upon whether there are sufficient protections against unwarranted disclosure and whether the scope of the disclosure is appropriately tailored.  *See Orff v. City of Imperial*, No. 17-cv-0116-W, 2017 WL 556983, at *4–*6 (S.D. Cal. Nov. 17, 2017) (Whelan, J.) (analyzing privacy cases).  In *Whalen*, for example, the Supreme Court upheld a New York law compelling prescription forms for certain controlled medications, including identifying information, to be reported to the state reasoning that the "statutory scheme, and its implementing procedures, evidence[d] a proper concern with, and protection of, the individual's interest in privacy." *Whalen*, 429 U.S. at 605.  In so holding, the Court emphasized that "[p]ublic disclosure of the identity of patients [was] expressly prohibited by the statute and by a Department of Health Regulation." *Id.* at 594.  In *Crawford*, although the Ninth Circuit recognized the right of a bankruptcy petition preparer to informational privacy in his social security number—"especially when accompanied by names and addresses"—the court ultimately decided that the plaintiff's concern about identity theft was outweighed by the underlying legislative policy to prevent "widespread fraud and unauthorized practice of law." *Crawford*, 194 F.3d at 959–60.  In *Roe v. Sherry*, 91 F.3d 1270 (9th Cir. 1996), the court held that the plaintiff's privacy interest in his confidential HIV test results was overcome by the Navy's interest in "collecting evidence of a serious crime" involving HIV

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

transmission.  *Id.* at 1274.  Though, the court emphasized that the Navy "made only a limited disclosure of [the plaintiff's] HIV status" to individuals with a "specific need to know."  *Id.*

Here, in stark contrast, there are no safeguards under the AB 173 Amendments or any other statutes to prevent the unauthorized disclosure of Plaintiffs' Personal Information, nor is there any statutory mechanism to enforce the law's limited confidentiality requirements.  *Cf., e.g.*, *NASA v. Nelson*, 562 U.S. 134, 155–59 (2011) (finding that the safeguards against unwarranted disclosure of personal information under the federal Privacy Act were constitutionally adequate); *Sherry*, 91 F.3d at 1274; *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 580 (3d Cir. 1980) (federal regulations prohibiting public disclosure of private medical information were sufficient).  For example, Penal Code section 11106(d), as amended by AB 173, provides only that "[m]aterial identifying individuals shall only be provided for research or statistical activities and shall not be transferred, revealed, or used for purposes other than research or statistical activities, and reports or publications derived therefrom shall not identify specific individuals." That restriction is toothless—there is no mechanism for the government or private parties to remedy an unauthorized disclosure by researchers who acquire Plaintiffs' Personal Information.  That standardless and practically unenforceable restriction is insufficient for the statute to survive constitutional scrutiny.  *See Thorne v. El Segundo*, 726 F.2d 459, 470 (9th Cir. 1983) (disclosure of private information about sexual activities was unconstitutional in the absence of policies or standards protecting confidentiality).

In sum, because any government interest to be advanced by the AB 173 Amendments can be met without the disclosure of Personal Information, the AB 173 Amendments are not narrowly tailored to achieve any legitimate state interest.

1

      *b.*      *Governmental Dissemination of Private Personal Information*

2

      *Impermissibly Chills the Exercise of Second Amendment Rights.*

3

      The Supreme Court has "consistently refused to allow government to chill

4

the exercise of constitutional rights by requiring disclosure of protected, but

5

sometimes unpopular, activities." *Thornburgh*, 476 U.S. at 767; *see also Lamont*,

6

381 U.S. at 306–07; *Talley*, 362 U.S. at 64–65; *NAACP*, 357 U.S. at 462–65.  It

7

does not matter whether the government's disclosure of private personal

8

information is "an effort to suppress" the constitutional rights in question.  *NAACP*,

9

357 U.S. at 461.  Indeed, "[t]he governmental action may appear to be totally

10

unrelated to protected liberties." *Id.*  What matters is the "practical effect" of the

11

compelled disclosure on the free exercise of constitutional rights.  Public disclosure

12

is barred if it would suppress, curtail, discourage, dissuade, or otherwise deter the

13

free exercise of protected liberties.  *Id.* at 461–63.

14

      For example, in *Thornburgh*, the Court struck down a statute mandating the

15

compilation and permitting public access to personal identifying information of

16

women who had an abortion.  *Thornburgh*, 476 U.S. at 765 (quoting statute); *see*

17

*also id.* at 766.  As the Supreme Court explained:

18

19

20

> Pennsylvania's reporting requirements raise the specter of public exposure and harassment of women who choose to exercise their personal, intensely private, right, with their physician, to end a pregnancy.  Thus, they pose an unacceptable danger of deterring the exercise of that right, and must be invalidated.

21

476 U.S. at 767–68 (citations omitted).  Information about citizens choosing to

22

exercise a politically divisive, controversial or unpopular constitutional right "must

23

be protected in a way that assures anonymity," because an individual may become

24

"reluctant" to exercise her right "if there exists a possibility that her decision and

25

identity will become known publicly." *Id.* at 766–67.  "It is inherent in the right . . .

26

that the right may be exercised without public scrutiny and in defiance of the

27

contrary opinion of the sovereign or other third parties." *Bellotti v. Baird*, 443 U.S.

28

622, 655 (1979) (Stevens, J., concurring).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Here, Plaintiffs provided their Personal Information to the Cal DOJ in the first instance only because they were required by law to do so as a condition on the exercise of their Second Amendment rights.  Under the AB 173 Amendments, Plaintiffs must either agree to the disclosure of their Personal Information to non-governmental researchers, which threatens Plaintiffs' privacy and physical security, or relinquish their constitutionally protected right to purchase firearms and ammunition.  Thus, as in the foregoing cases, public disclosure of Personal Information to the CFVRC and other researchers will discourage Plaintiffs and others from exercising their Second Amendment rights.  *See* Doe 3 Decl. ¶ 13.

c.       *Plaintiffs Have a Right to Privacy in their Personal Information under California's Constitution and Statutes.*

Section 1 of Article I of the California Constitution also guarantees Plaintiffs' right to privacy in their Personal Information.  The right guaranteed by the California Constitution "is broader and more protective of privacy than the federal constitutional right of privacy as interpreted by the federal courts." *American Academy of Pediatrics v. Lungren*, 16 Cal. 4th 307, 325–26 (1997).  The government must show that that the disclosure of Plaintiffs' Personal Information furthers "legitimate and important competing interests," and that there are no "feasible and effective alternatives" that have "a lesser impact on privacy interests." *Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37–40 (1994).

The right to privacy is also codified in the Information Practices Act of 1977. Cal. Civ. Code §§ 1798, *et seq*.  That statute prohibits state from disclosing personal information in a manner linking the information to the individual to whom it pertains unless the linkage is expressly authorized. Cal. Civ. Code § 1798.24.

For the reasons stated in the preceding section, the AB 173 Amendments implicate Plaintiffs' privacy rights under the California Constitution, and the government cannot show that the AB 173 Amendments survive constitutional

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

scrutiny.  There is no state interest to justify disclosure of Personal Information to third-party researchers—Plaintiffs are law-abiding citizens who passed background checks.  Even if there were, there are other feasible alternatives that do not require disclosure of Plaintiffs' Personal Information.  Finally, the disclosure of Plaintiffs' Personal Information is not authorized under the Information Practices Act.

2.  <u>The AB 173 Amendments Are Unconstitutionally Retroactive as Applied to Plaintiffs' and Plaintiffs' Personal Information</u>.[10]

The antiretroactivity principle finds expression in several provisions of the United States Constitution, including the Due Process Clauses of the Fifth and Fourteenth Amendments.  *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 266 (1994).  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const., Amend. XIV.  That amendment "protects the interests in fair notice and repose that may be compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause 'may not suffice' to warrant its retroactive application."  *Id.* (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 17 (1976)).  "[T]he presumption against retroactive legislation is deeply rooted in [the Supreme Court's] jurisprudence, and embodies a legal doctrine centuries older than our Republic.  Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted."  *Landgraf*, 511 U.S. at 265 (footnotes omitted).  Statutory construction thus favors prospective application, absent clear legislative language to the contrary.  *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982).  Retroactivity claims under the

---

[10] Plaintiffs' Fifth Claim is for unconstitutional retroactive application violating the Fourteenth Amendment. Their Sixth Claim is for unconstitutional retroactive application violating Section 1 of Article I of the California Constitution.

California Constitution are analyzed under the same standard as Fourteenth Amendment claims.  *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1207 (1988).

Before the AB 173 Amendments, California Penal Code section 11106 expressly limited disclosure of Plaintiffs' Personal Information to a limited class of statutorily defined governmental actors, for law enforcement purposes only. *Compare* Cal. Penal Code §§ 11106(a)(2) & (c) (eff. Jan. 1, 2021 to Sept. 22, 2021), *with* Cal. Penal Code § 11106 (eff. Sept. 23, 2021).  AB 173 amended California Penal Code section 11106 to add subdivision (d), which permits disclosure of Plaintiffs' Personal information to the CFVRC and other research institutions.  2021 Cal. Stat., Ch. 253, §§ 2 & 2.5; Cal. Penal Code § 11106(d) (eff. Sept. 23, 2021).  AB 173 also amended section 30352(b) to remove the privacy guarantees that existed under prior law.  Specifically, before the AB 173 Amendments, section 30352(b) expressly limited the Cal DOJ's use of Personal Information to law enforcement purposes only.  AB 173 amended that section to add subdivisions (b)(1) and (2), which ***require*** the Cal DOJ to disclose Plaintiffs' Personal Information to researchers affiliated with the CFVRC and other research institutions.  *Compare* 2016 Cal. Legis. Serv. Prop. 63, § 8.13, *and* Cal. Penal Code § 3052(b) (eff. Jan. 1, 2017 to Sept. 22, 2021), *with* 2021 Cal. Stat., Ch. 253, § 11, *and* Cal. Penal Code § 3052(b) (eff. Sept. 23, 2021).

As discussed in the preceding sections, Plaintiffs have a constitutionally protected interest in their Personal Information.  When they disclosed their Personal Information, Plaintiffs relied on prior law which expressly proscribed the Cal DOJ's authority to disseminate Plaintiffs' Personal Information only for law enforcement purposes.  In sum, the AB 173 Amendments swept away critical privacy guarantees.  Moreover, California Penal Code section 3 declares that "[n]o part of it is retroactive, unless expressly so declared,"  Cal. Penal Code § 3; *see also Evangelatos*, 44 Cal. 3d at 1207–08, but there is no express declaration of retroactivity in AB 173.  Thus, implementing the AB 173 Amendments

retroactively to Plaintiffs (and their Personal Information) would be unlawfully retroactive, without valid justification, and would constitute a deprivation of liberty or property without due process of law in violation of the Fourteenth Amendment and the California Constitution.

3.  The AB 173 Amendments Violate Plaintiffs' Rights under the Second Amendment to the U.S. Constitution.

Plaintiffs' Second Claim for Relief is for violation of their rights under the Second Amendment, which declares: "the right of the people to keep and bear arms shall not be infringed." U.S. Const. amend. II. The Second Amendment "guarantee[s] the individual right to possess and carry" arms and "elevates above all other interests the right of law-abiding responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). Courts in the Ninth Circuit employ a two-prong test to evaluate the constitutionality of firearm regulations which "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny." *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013) (citations omitted). Here, the AB 173 Amendments burden Plaintiffs' Second Amendment rights and fail any standard of scrutiny.

The text, history, and tradition of the Second Amendment dictate that the Second Amendment protects the right to purchase firearms and ammunition. Plaintiffs are law-abiding citizens who exercised their Second Amendment rights to purchase firearms and ammunition and, as a condition of doing so, complied with California's firearms laws. *See* Jane Doe Decl. ¶¶ 3, 5, 7; Doe 1 Decl. ¶¶ 3, 5, 7; Doe 2 Decl. ¶¶ 3, 5, 7; Doe 3 Decl. ¶¶ 3, 5, 7; Doe 4 Decl. ¶¶ 3, 5–6. The fundamental right to possess firearms for protection necessarily implies a corresponding right to purchase firearms and ammunition—the core right to possess firearms wouldn't mean anything without the ability to purchase firearms and

1   ammunition in the first instance.  *See Heller*, 554 U.S. at 616–19; *Teixeira v. Cty. of*

2   *Alameda*, 873 F.3d 670, 678 (9th Cir. 2017); *Bauer v. Becerra*, 858 F.3d 1216,

3   1222–23 (9th Cir. 2017); *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir.

4   2011).  Because Plaintiffs were compelled to disclose their Personal Information as

5   a condition on the exercise of their Second Amendment rights, the laws amended

6   by AB 173 burden Plaintiffs' rights under the Second Amendment.  Accordingly,

7   the AB 173 Amendments are subject to heightened scrutiny.

8        "A law that implicates the core of the Second Amendment right and severely

9   burdens that right warrants strict scrutiny," *Silvester v. Harris*, 843 F.3d 816, 821

10  (9th Cir. 2016); otherwise, courts apply intermediate scrutiny, *Chovan*, 735 F.3d at

11  1138–39.  Under either standard, the government has the burden to show (1) the

12  existence of a state interest, and (2) that the disclosure of Plaintiffs' Personal

13  Information is tailored to achieve that interest.  The latter is of paramount

14  importance in cases that involve a compelled disclosure, such as this case: "even a

15  'legitimate and substantial' government interest 'cannot be pursued by means that

16  broadly stifle fundamental personal liberties when the end can be more narrowly

17  achieved.'"  *Ams. for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373, 2384 (2021)

18  (quoting *Shelton v. Tucker*, 364 U.S. 479, 488 (1960)).

19       The AB 173 Amendments fail any standard of scrutiny.  Plaintiffs are law-

20  abiding citizens who have passed multiple background checks.  Disclosing their

21  Personal Information to unaccountable researchers at the CFVRC and other

22  institutions does not advance any state interest—"compelling," "substantial,"

23  "important," or otherwise.  Even if there is a state interest to be served, for the

24  reasons stated in the preceding sections, disclosure of Plaintiff's Personal

25  Information is not necessary achieve the statutory objective of the CFVRC or any

26  other conceivable state interest.  To the extent there is any legitimate government

27  interest, which is not conceded here, it can be met without disclosure of Personal

28  Information as authorized by the AB 173 Amendments.  Therefore, the disclosure

of Plaintiffs' Personal Information is neither narrowly tailored nor reasonably fit to achieve the statutory objective.

### 4. The AB 173 Amendments and California Penal Code section 26715 Are Preempted Under the Supremacy Clause of the U.S. Constitution.

The Supremacy Clause of the U.S. Constitution provides that the "Constitution, and the Laws of the United States" are the "supreme Law of the Land." U.S. Const., art. VI, § 2. Accordingly, federal law preempts state law in any area over which Congress expressly or impliedly has reserved exclusive authority or which is constitutionally reserved to the federal government, or where state law conflicts or interferes with federal law. "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (internal citations omitted). Indeed, "[a] party may seek injunctive relief under the Supremacy Clause regardless of whether the federal statute at issue confers any substantive rights on would-be plaintiffs." *Indep. Living Ctr. of S. California, Inc. v. Shewry*, 543 F.3d 1050, 1062 (9th Cir. 2008).

As relevant here, Section 7(b) of the Privacy Act of 1974, Pub. L. No. 93–579, 88 Stat. 1909 (1974), *reprinted in* 5 U.S.C § 552a note, provides as follows:

> Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

Under California law, applications for licenses to carry a concealed firearm must be made on the form prescribed by the Attorney General. Cal. Penal Code § 26175(a). The standard application form requires information from the applicant including the applicant's social security number. *See* RJN, Ex. 5 at 123 (§ 7); *see also id.* at 116,

¶¶ 2–3 ("Important Instructions").  In order to obtain, and subsequently to renew, his license to carry a concealed firearm, Mr. Doe No. 4 provided his social security number to the licensing authority.  The standard application form prescribed by the Attorney General did not specify whether disclosure of the social security number is mandatory or voluntary, by what statutory or other authority the number was requested, or what uses would be made of the number, or the specific consequences of not providing the number, or the possible dissemination of the number, *see* RJN, Ex. 5, nor was Mr. Doe No. 4 notified of these facts before he applied for, or when he renewed, his license to carry a concealed firearm.

Penal Code section 26175 is thus preempted to the extent it compels disclosure of social security numbers; amended Penal Code section 11106 is also preempted to the extent that it authorizes disclosure of a licensee's social security number to researchers at the CFVRC and other institutions.

5.    <u>AB 173 Was Enacted in Violation of the California Constitution.</u>

a.    *Plaintiffs' Eighth Claim for Relief.*

In their Eighth Claim for Relief Plaintiffs allege that AB 173's amendments to California Penal Code section 30352 are an unconstitutional amendment to a voter initiative.  Through Section 8 of Article II of the California Constitution, citizens reserved the power to "propose statutes and amendments to the Constitution and to adopt or reject them."  Cal. Const., Art. II, § 8(a).  The California Constitution thus limits the authority of the legislature to amend an initiative passed by voters: "[t]he Legislature . . . may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without their approval."  Cal. Const., Art. II, § 10(c).

On November 8, 2016, California voters approved Proposition 63 – Safety for All Act, 2016 Cal. Legis. Serv. Prop. 63 (WEST) ("<u>Prop 63</u>"), which amended

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

the California Penal Code to institute background check and reporting requirements for ammunition purchases.  Prop 63 provides that it "may be amended by a vote of 55 percent of the members of each house of the Legislature and signed by the Governor so long as such amendments are consistent with and further the intent of this Act."  2016 Cal. Legis. Serv. Prop. 63, § 13; *see also Amwest Surety Ins. Co. v. Wilson*, 11 Cal. 4th 1243, 1251, 1255–56 (1995).  As amended by Prop 63—the language California voters approved—California Penal Code section 30352(b) expressly provided that the Personal Information maintained in the Cal DOJ's ammunition purchase database "shall remain confidential and may be used by the department . . . only for law enforcement purposes."  2016 Cal. Legis. Serv. Prop. 63, § 8.13; *see also* Cal. Penal Code § 3052(b) (eff. Jan. 1, 2017 to Sept. 22, 2021).  AB 173 amends California Penal Code section 30352(b) to remove those confidentiality protections in order to authorize the disclosure of Personal Information to third-party researchers.  *Compare* 2016 Cal. Legis. Serv. Prop. 63, § 8.13, *and* Cal. Penal Code § 3052(b) (eff. Jan. 1, 2017 to Sept. 22, 2021), *with* 2021 Cal. Stat., Ch. 253, § 11, *and* Cal. Penal Code § 3052(b) (eff. Sept. 23, 2021).  That amendment is inconsistent with the language that the voters approved and, therefore, is unconstitutional.

> **b.** *Plaintiffs' Ninth Claim for Relief.*

In their Ninth Claim for Relief Plaintiffs allege that AB 173 is an unconstitutional budget bill under Section 9 of Article IV of the California Constitution, which provides that a statute may only embrace a single subject. "The single-subject rule essentially requires that a statute have only one subject matter and that the subject be clearly expressed in the statute's title," in order to "prevent 'logrolling' in the enactment of laws."  *San Joaquin Helicopters v. Department of Forestry*, 110 Cal. App. 4th 1549, 1555–1556 (2003).  The annual budget act is subject to Article IV, section 9; thus, the budget bill may deal only

(22cv00010)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

with the one subject of appropriations to support the budget.  *Planned Parenthood Affiliates v. Swoap*, 173 Cal. App. 3d 1187 (1985).  It may not constitutionally be used to grant new authority to a state agency or to substantively amend existing statutory law.  *Id.*; *see also California Lab. Federation v. Occupational Safety & Health Stds. Bd.*, 5 Cal. App. 4th 985, 991 (1992).  Budget bills that "substantively change existing law violate the single-subject rule."  *San Joaquin Helicopters*, 110 Cal. App. 4th at 1558.

Here, the Budget Act of 2021[11] appropriated funds for, among other items, "Support of the University of California."  2021 Budget, § 2.  AB 173 exceeds the scope of the 2021 Budget because it expands the Cal DOJ's authority under the California Penal Code to provide information to the CFVRC and other unaffiliated research institutions.  AB 173 is, in other words, an impermissible "substantive policy change masquerading as [a] Budget Act provision[]."  *Prof. Eng'rs in Cal. Gov't v. Schwarzenegger*, 50 Cal. 4th 989, 1049–50 (2010).

### c.      Plaintiffs' Tenth Claim for Relief.

In their Tenth Claim for Relief, Plaintiffs allege that AB 173 violates Section 12(e) of Article IV of the California Constitution, "which exempts from the two-thirds requirement 'the budget bill and other bills providing for appropriations related to the budget bill . . . .'"  *Howard Jarvis Taxpayers Ass'n v. Weber*, 67 Cal. App. 5th 488, 502 (2021).  California courts have held that "other bills providing for appropriations related to the budget bill" include trailer bills, if they contain appropriations and are identified as being related to the budget.  *Weber*, 67 Cal. App. 4th at 502; *City of Cerritos v. State of California*, 239 Cal. App. 4th 1020, 1053–1054, 1056 (2015).  That interpretation applies to trailer bills—like AB 173—that substantively revise existing law.  *Weber*, 67 Cal. App. 4th at 502.

[11] Cal. Assembly Bill No. 128 (the "2021 Budget").

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

As stated in the preceding section, neither AB 173 nor its substantive amendments to existing law bear any rational, reasonable, or legitimate relationship to the appropriations made in the 2021 Budget.  *See* Budget Act of 2021, § 2.

**B.      Plaintiffs Will Suffer Irreparable Harm.**

Plaintiffs here have "established a threatened and imminent irreparable harm that cannot be adequately compensated at a later time," *Garrett v. City of Escondido*, 465 F. Supp. 2d 1043, 1052 (S.D. Cal. 2006), so as to warrant injunctive relief.  As the Ninth Circuit has held, a "constitutional violation alone, coupled with the damages incurred, can suffice to show irreparable harm."  *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1058 (9th Cir. 2009); *see also Elrod v. Burns* 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Latta v. Otter*, 771 F.3d 496, 500 (9th Cir. 2014).

The thrust of Plaintiffs' claims is that the AB 173 Amendments to California Penal Code sections 11106, 14231, and 30352 violate their constitutional rights in four ways: (1) they violate Plaintiffs' due process rights against governmental disclosure of personal matters under the U.S. Constitution and the California Constitution; (2) they violate Plaintiffs' due process rights against retroactive application of law under the U.S. Constitution and the California Constitution; (3) they infringe upon and impermissibly chill Plaintiffs' free exercise of their Second Amendment right to keep and bear arms; and (4) certain of the amendments are preempted by federal law.  Plaintiffs face the threat of disclosure of their Personal Information and the attendant loss of privacy and risks to their physical security. *See generally* Jane Doe Decl. ¶¶ 5, 7, 12; Doe 1 Decl. ¶¶ 5, 7, 12; Doe 2 Decl. ¶¶ 5, 7, 12; Doe 3 Decl. ¶¶ 5, 7, 12–13; Doe 4 Decl. ¶¶ 5–6, 12.  As is the case here, "the injury which flows from the threat of enforcement of an allegedly unconstitutional . . . state statute . . . has been generally recognized as irreparable and sufficient to

- 34 -      (22cv00010)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/7689

justify an injunction." *Petroleum Expl. v. Pub. Serv. Comm'n of Kentucky*, 304 U.S. 209, 218–19 (1938).

**C.    An Injunction Will Serve the Public Interest.**

The last two preliminary injunction elements merge when the government is the defendant. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citation omitted).  An injunction in this case will further the public interest.  "Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Warren v. City of Chico*, No. 2:21-CV-00640-MCE-DMC, 2021 WL 2894648, at *1 (E.D. Cal. July 8, 2021) ("There is generally no public interest in the perpetuation of an unlawful government action.") (citation omitted).  The AB 173 Amendments implicate the Personal Information of millions of California citizens who have purchased firearms and ammunition, or who have applied for or received a Carry License.  Because the AB 173 Amendments took effect immediately, the threat to the constitutional rights of Plaintiffs and similarly situated persons is imminent.  Moreover, once Defendant discloses the Personal Information maintained on the Databases, there is no legal remedy against the recipients of that information in the event of any subsequent unauthorized disclosure.  Accordingly, the balance of the hardships tilts strongly in Plaintiffs' favor.

In contrast, Defendant cannot reasonably claim prejudice or hardship resulting from the short delay in implementation while these issues are heard.  Allowing this matter to be heard while enforcement of the AB 173 Amendments is enjoined will give the parties certainty and finality.  Practically, the requested injunction would have minimal impact on the public, whereas permitting the AB 173 Amendments to remain in effect as enacted will cause hardship and constitutional injury to Plaintiffs and millions of other law-abiding California

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

residents. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (public interest factor requires consideration of non-parties). Plaintiffs here contend that the AB 173 Amendments are unconstitutional, and those amendments should not stand while Plaintiffs' claims are under review.

**IV.**

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that a temporary restraining order be issued enjoining enforcement and rendering the AB 173 Amendments without effect until a decision on a preliminary injunction. In the alternative, Plaintiffs respectfully request that the Court treat this Application as a motion for preliminary injunction and set an expedited briefing schedule. Finally, Plaintiffs request such other and further relief as the Court deems just and proper.

Dated: January 10, 2022                    SNELL & WILMER LLP

By: _____

Michael B. Reynolds
Colin R. Higgins
Cameron J. Schlagel
Attorneys for Plaintiffs

4879-8090-9062.12

Ex Parte Notice and Application for Temporary Restraining Order