# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; JOHN DOE NO. 1, an individual; JOHN DOE NO. 2, an individual; JOHN DOE NO. 3, an individual; and JOHN DOE NO. 4, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00010-LAB-DEB<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER [Dkt. 23]** |

The parties jointly moved for a protective order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, (Dkt. 23), in compliance with this Court's January 20, 2022 Order conditionally granting Plaintiffs' Motion to Proceed Using Pseudonyms and for Protective Order. (Dkt. 22). The Joint Motion for Protective Order is **GRANTED**. The Court **ORDERS** the parties to comply with the terms set forth below, which govern disclosure of the identities of Plaintiffs Jane Doe and John Doe Nos. 1 through 4 (jointly, "Plaintiffs") as it relates to their status as Plaintiffs in this litigation, as well as the handling of all documents, testimony, or other information, including all copies, excerpts, and summaries thereof that could

reasonably be used to identify any Plaintiff as a Plaintiff in this litigation—specifically, name, address, date of birth, telephone number, present or past place of employment, and social security number—(collectively, the "Doe Material"), given, filed, or prepared during discovery or any other proceeding in this action.

Accordingly, the Court **HEREBY ORDERS** as follows:

1. Plaintiffs' counsel shall disclose the identities, including name, address, date of birth, and California driver license or identification card number, of Plaintiffs who are currently identified pseudonymously to Defendant's attorneys, but Plaintiffs and their counsel shall not be required to disclose Plaintiffs' identities to any other person.

2. Defendant, his employees, agents and any other person acting on his behalf or at his behest shall not disclose the Doe Material absent further Order of this Court. Doe Material shall not be publicized generally or privately, except to the following and in accordance with the terms of this Order:

   (a) The Court and its officers;
   
   (b) Any attorneys for Defendant who have entered appearances in this action, and any attorneys, legal assistants, or other California Department of Justice staff who are working with them on this matter;
   
   (c) An expert witness, a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; and,
   
   (d) Court reporters and their staff.

3. Before the making of any disclosure under paragraphs 2(c)-(d) above, any person to whom such disclosure is to be made shall be given a copy of this Order, shall read it, and be advised that he or she is subject to it, and shall sign a copy of the Agreement to be Bound by Protective Order, attached hereto as **Exhibit A**.

4.     In documents filed with the Court, deposition transcripts, other discovery documents, and elsewhere, Plaintiffs, respectively, will be referred to pseudonymously as described herein above.

5.     Nothing in this Order prohibits or restricts the California Department of Justice from disclosing Plaintiffs' information contained in Department records in connection with mandatory duties or discretionary authority to disclose that same information to parties outside of the Department. However, in no event may any such disclosure link a Plaintiff's identity in Department records to their status as a Plaintiff in this action, except as provided in this Order.

6.     The requirements of Paragraph 4 above notwithstanding, no Doe Material shall be filed in the public record of this action.  All Doe Material that is filed with the Court shall be filed in accordance with Section 2(j) of this Court's Electronic Case Filing Administrative Policies and Procedures Manual.

7.     Any deposition transcripts or other discovery documents containing Doe Material shall be identified as Confidential by the party providing such information.  Any pages containing Doe Material shall be marked with the word "CONFIDENTIAL"; those pages shall be bound in a separate document labeled "CONFIDENTIAL"; and they shall be subject to this Order.  Failure to label any Doe Material as "CONFIDENTIAL" shall not, however, be a defense to violation of this Protective Order.

8.     Any party may challenge a designation of confidentiality at any time. A party challenging a designation shall provide the designating party with written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion to remove the confidential designation within 21

days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

9. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to the entry of this Order no party waives any right it otherwise would have to challenge or enlarge the scope of the Order in future proceedings. This Order is subject to subsequent modification pursuant to such terms as the Court deems just and proper.

10. During the pendency of this action, this Court will retain jurisdiction to resolve or remedy any violation of this Order. **The Court will not retain jurisdiction once the matter is closed.** If the parties wish to consent to magistrate judge jurisdiction to resolve or remedy any violation of this Order, they must jointly file a notice of consent and move for an order for a magistrate judge to retain jurisdiction prior to the closure of the case.

**IT IS SO ORDERED.**

Dated: January 26, 2022

Hon. Larry Alan Burns
United States District Judge