Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlagel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000
Facsimile:  714.427.7799

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JANE DOE, an individual; JOHN DOE NO. 1, an individual; JOHN DOE NO. 2, an individual; JOHN DOE NO. 3, an individual; and JOHN DOE NO. 4, an individual,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,

Defendants.

Case No. 3:22-cv-00010-LAB-DEB

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

Plaintiffs Jane Doe, John Doe No.1, John Doe No. 2, John Doe No. 3, and John Doe No. 4 (jointly, "Plaintiffs"), through their counsel, bring this action against Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, and make the following allegations.

## INTRODUCTION

1.      This Complaint seeks declaratory and injunctive relief to prevent Defendant Attorney General Rob Bonta from enforcing California Penal Code sections 11106, 14231, and 30352 as those sections were amended by Assembly Bill 173 ("AB 173"), 2021 Cal. Stat., Ch. 253, which violate Plaintiffs' rights under the Supremacy Clause of and the Second and Fourteenth Amendments to the United States Constitution.

2.      The State of California's firearm-related laws are among the strictest in the nation.[1]  Those laws, which the California Department of Justice (the "Cal DOJ") enforces, consist of a comprehensive scheme of statutes and regulations governing, *inter alia*, the sale, transfer, possession, and ownership of firearms and ammunition.

3.      As a condition on the exercise of Plaintiffs' fundamental right to keep and bear arms under the Second Amendment of the United States Constitution, Plaintiffs and millions of other law-abiding California residents provided the Cal DOJ with highly sensitive personal information[2]—including their name, address, place of birth, telephone number, occupation, California driver's license or ID

---

[1]      Office of Governor Gavin Newsom, *Governor Newsom Statement on President Biden's Executive Actions Addressing Gun Violence*, https://www.gov.ca.gov/2021/04/08/governor-newsom-statement-on-president-bidens-executive-actions-addressing-gun-violence/ (last visited Dec. 14, 2021), attached hereto as **Exhibit 1**.

[2]      *See, e.g.*, Cal. Penal Code §§ 26150, 26155, 26170, 26215, 26225, 26700, 26710, 26715, 28050; Cal. Code Regs. § 4030, *et seq.*

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

number, race, sex, height, weight, hair color, eye color, and, in some instances, social security number (the "Personal Information")—which the Attorney General and Cal DOJ maintain in a registry called the "Automated Firearms System" (the "AFS").[3]

4.      The United States Constitution protects Plaintiffs' right to privacy in the Personal Information that they provided to the Cal DOJ as a condition to Plaintiffs' lawful exercise of their Second Amendment rights in the first instance. Plaintiffs disclosed their Personal Information in reliance on the government's assurance that their information would be used only for specific law enforcement purposes.

5.      On September 23, 2021, the California Legislature passed, and Governor Newsom signed into law, AB 173, as a budget trailer bill.[4]  AB 173 amends certain provisions of California's firearm laws to authorize the Attorney General to disclose Plaintiffs' Personal Information to the California Firearm Violence Research Center at UC Davis and any other "bona fide research institution."  Those amendments violate and infringe on the rights of Plaintiffs and millions of other law-abiding citizens under the United States Constitution.

---

[3]      Cal. Penal Code § 11106(b)(1); Cal. Code Regs. § 4281(d).

[4]      California Courts have used the term "trailer bill" to describe a bill that follows the passage of the annual budget bill and implements the main budget act by enacting corresponding changes to state law.  *See, e.g.*, *Harbor v. Deukmejian*, 43 Cal. 3d 1078, 1097 (1987) (examining a bill stating that it provided "necessary statutory adjustments to implement the Budget Act of 1984"); *Mission Hosp. Regional Medical Center v. Shewry*, 168 Cal. App. 4th 460, 481 (2008) (referring to "the omnibus health trailer bill for the Budget Act of 2004.  It contains necessary changes to implement the Budget Act of 2004.").  "Trailer Bill Language" is the implementing language of the California State Budget Bill.  State of California Department of Finance, *Trailer Bill Language*, https://esd.dof.ca.gov/dofpublic/trailerBill.html (last visited Dec. 14, 2021), attached hereto as **Exhibit 2**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

1
2
3
4
5
6
7
8
9
10
11
12

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' First, Second, and Fifth Claims for Relief arise under the Constitution and laws of the United States and, thus, present federal questions. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution.

7.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' claims for relief occurred in this district and Plaintiffs Jane Doe, John Doe No. 1, and John Doe No. 2 reside in the County of San Diego.  Venue is also proper in this district under 28 U.S.C. §§ 1391 because the venue rules of the State of California specifically would permit this action to be filed in San Diego County since the Attorney General and the Cal DOJ maintain an office within San Diego County.  *See* Cal. Civ. Proc. Code § 401(1).

## PARTIES

### *Plaintiff Jane Doe*

9.     Plaintiff Jane Doe is a natural person, a resident of the County of San Diego, California, and is not legally prohibited from possessing firearms.  Mrs. Doe is a licensed vocational nurse.

10.     Mrs. Doe owns a handgun, which was legally transferred to her through a duly licensed firearms dealer located in California pursuant to California Penal Code sections 28050, *et seq.*  In connection with that transaction, pursuant to

- 4 -

California Penal Code sections 28050, *et seq.*, and 28200, *et seq.*, Mrs. Doe provided to the licensed firearms dealer her personal information, including her name, address, California driver's license number, telephone number, place of birth, race, sex, height, weight, hair color, and eye color.  Mrs. Doe is informed and believes, and thereon alleges, that pursuant to California Penal Code section 28200, *et seq.*, the licensed firearms dealer transmitted Mrs. Doe's Personal Information to the Cal DOJ.  Mrs. Doe is further informed and believes, and thereon alleges, that pursuant to California Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mrs. Doe's Personal Information in the AFS.

11.     Mrs. Doe has legally purchased ammunition from licensed ammunition vendors located in California.  In connection with those purchases, pursuant to California Penal Code section 30352(a), Mrs. Doe provided to the licensed ammunition vendors her personal information, including her name, address, California driver's license number, telephone number, and date of birth.  Mrs. Doe is informed and believes, and thereon alleges, that pursuant to California Penal Code section 30352(b)(1), the licensed ammunition vendors transmitted Mrs. Doe's Personal Information to the Cal DOJ.  Mrs. Doe is further informed and believes, and thereon alleges, that pursuant to California Penal Code sections 11106 and 30352(b), the Cal DOJ keeps and maintains records consisting of Mrs. Doe's Personal Information in the AFS and Ammunition Purchase Records File databases.

12.     Mrs. Doe keeps her handgun in her home for protection of herself and her family.  When Mrs. Doe effected the legal transfer of her handgun, she understood that her Personal Information would be used only for law enforcement purposes and that the Cal DOJ would otherwise keep her Personal Information confidential.  Mrs. Doe believes that her status as a handgun owner is a private, personal matter, and that public disclosure of her Personal Information and status as a handgun owner will subject her to unwanted public attention, harassment, threats, and physical violence by individuals and groups including persons in the

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

community who are hostile to guns and gun owners.  Mrs. Doe further believes that disclosure of her Personal Information will greatly increase the risk that she will be a target of criminal efforts to steal her lawfully owned firearms.

13.  Plaintiff Jane Doe intends to purchase firearms and ammunition in the future, but is dissuaded from doing so due to the consequent disclosure of her personal information to third-party researchers and institutions, and potentially to the broader public, and the attendant risks to her personal privacy and security.

### *Plaintiff John Doe No. 1*

14.  Plaintiff John Doe No. 1 is a natural person, a resident of the County of San Diego, California, and is not legally prohibited from possessing firearms.

15.  Mr. Doe No. 1 is retired.  Before retirement, Mr. Doe No. 1 was an officer in the California Department of Corrections and Rehabilitation (the "CDCR").  During his career with the CDCR, Mr. Doe No. 1 served as a Hearing Lieutenant and then as an educator.  In his roles as a Hearing Lieutenant and educator, respectively, Mr. Doe No. 1 regularly interacted with persons committed to State correctional facilities in the CDCR.

16.  Mr. Doe No. 1 owns a handgun, which he legally purchased from a duly licensed firearms dealer located in California.  In connection with that purchase, pursuant to California Penal Code sections 28100, *et seq.* and 28200, *et seq.*, Mr. Doe No. 1 provided to the licensed firearms dealer his personal information, including his name, address, California driver's license number, telephone number, place of birth, race, sex, height, weight, hair color, and eye color.  Mr. Doe No. 1 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 28200, *et seq.*, the licensed firearms dealer transmitted Mr. Doe No. 1's Personal Information to the Cal DOJ.  Mr. Doe No. 1 is further informed and believes, and thereon alleges, that pursuant to California

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 1's Personal Information in the AFS.

17.  Mr. Doe No. 1 has legally purchased ammunition from licensed ammunition vendors located in California.  In connection with those purchases, pursuant to California Penal Code section 30352(a), Mr. Doe No. 1 provided to the licensed ammunition vendors his personal information, including his name, address, California driver's license number, telephone number, and date of birth.  Mr. Doe No. 1 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 30352(b)(1), the licensed ammunition vendors transmitted Mr. Doe No. 1's Personal Information to the Cal DOJ.  Mr. Doe No. 1 is further informed and believes, and thereon alleges, that pursuant to California Penal Code sections 11106 and 30352(b), the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 1's Personal Information in the AFS and Ammunition Purchase Records File databases.

18.  Mr. Doe No. 1 keeps his handgun in his home for protection of himself and his family.  When Mr. Doe No. 1 purchased his handgun, he understood that his Personal Information would be used only for law enforcement purposes and that the Cal DOJ would otherwise keep his Personal Information confidential.  Mr. Doe No. 1 believes that his status as a handgun owner is a private, personal matter, and that public disclosure of his Personal Information and status as a handgun owner will subject him to unwanted public attention, harassment, threats, and physical violence by individuals and groups including former inmates of State correctional facilities and other persons in the community who are hostile to guns and gun owners.  Mr. Doe No. 1 further believes that disclosure of his Personal Information will greatly increase the risk that he will be a target of criminal efforts to steal his lawfully owned firearms.

19.  Plaintiff John Doe No. 1 intends to purchase firearms and ammunition in the future, but is dissuaded from doing so due to the consequent disclosure of his

- 7 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

personal information to third-party researchers and institutions, and potentially to the broader public, and the attendant risks to his personal privacy and security.

### *Plaintiff John Doe No. 2*

20.     Plaintiff John Doe No. 2 is a natural person, a resident of the County of San Bernardino, California, and is not legally prohibited from possessing firearms.

21.     Mr. Doe No. 2 is retired.  Before his retirement, Mr. Doe No. 2 served as a full-time Deputy with the San Bernardino County Sherriff's Department. Before that, Mr. Doe No. 2 served as a Reserve Deputy with the San Bernardino County Sherriff's Department.

22.     Mr. Doe No. 2 owns a handgun, which he legally purchased from a duly licensed firearms dealer located in California.  In connection with that purchase, pursuant to California Penal Code sections 28100, *et seq.* and 28200, *et seq.*, Mr. Doe No. 2 provided to the licensed firearms dealer his personal information, including his name, address, California driver's license number, telephone number, place of birth, race, sex, height, weight, hair color, and eye color.  Mr. Doe No. 2 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 28200, *et seq.*, the licensed firearms dealer transmitted Mr. Doe No. 2's Personal Information to the Cal DOJ.  Mr. Doe No. 2 is further informed and believes, and thereon alleges, that pursuant to California Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 2's Personal Information in the AFS.

23.     Mr. Doe No. 2 has legally purchased ammunition from licensed ammunition vendors located in California.  In connection with those purchases, pursuant to California Penal Code section 30352(a), Mr. Doe No. 2 provided to the licensed ammunition vendors his personal information, including his name, address, California driver's license number, telephone number, and date of birth.  Mr. Doe

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

- 8 -

No. 2 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 30352(b)(1), the licensed ammunition vendors transmitted Mr. Doe No. 2's Personal Information to the Cal DOJ.  Mr. Doe No. 2 is further informed and believes, and thereon alleges, that pursuant to California Penal Code sections 11106 and 30352(b), the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 2's Personal Information in the AFS and Ammunition Purchase Records File databases.

24.     Mr. Doe No. 2 keeps his handgun in his home for protection of himself and his family.  When Mr. Doe No. 2 purchased his handgun, he understood that his Personal Information would be used only for law enforcement purposes and that the Cal DOJ would otherwise keep his Personal Information confidential.  Mr. Doe No. 2 believes that his status as a handgun owner is a private, personal matter, and that public disclosure of his Personal Information and status as a handgun owner will subject him to unwanted public attention, harassment, threats, and physical violence by individuals and groups including criminals who are hostile to Mr. Doe No. 2 as a former law enforcement officer and other persons in the community who are hostile to guns and gun owners.  Mr. Doe No. 2 further believes that disclosure of his Personal Information will greatly increase the risk that he will be a target of criminal efforts to steal his lawfully owned firearms.

### *Plaintiff John Doe No. 3*

25.     Plaintiff John Doe No. 3 is a natural person, a resident of the County of San Diego, California, and is not legally prohibited from possessing firearms.

26.     Mr. Doe No. 3 was an enlisted member of the United States Air Force. After being honorably discharged from the Air Force, Mr. Doe No. 3 moved to San Diego County where he currently resides.  Mr. Doe No. 3 works for a large company as a service technician.

- 9 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

27.    Mr. Doe No. 3 owns multiple firearms, which he legally purchased from duly licensed firearms dealers located in California.  In connection with those purchases, pursuant to California Penal Code sections 28100, *et seq.* and 28200, *et seq.*, Mr. Doe No. 3 provided to the licensed firearms dealers his personal information, including his name, address, California driver's license number, telephone number, place of birth, race, sex, height, weight, hair color, and eye color.  Mr. Doe No. 3 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 28200, *et seq.*, the licensed firearms dealers transmitted Mr. Doe No. 3's Personal Information to the Cal DOJ.  Mr. Doe No. 3 is further informed and believes, and thereon alleges, that pursuant to California Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 3's Personal Information in the AFS.

28.    Mr. Doe No. 3 has legally purchased ammunition from licensed ammunition vendors located in California.  In connection with those purchases, pursuant to California Penal Code section 30352(a), Mr. Doe No. 3 provided to the licensed ammunition vendors his personal information, including his name, address, California driver's license number, telephone number, and date of birth.  Mr. Doe No. 3 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 30352(b)(1), the licensed ammunition vendors transmitted Mr. Doe No. 3's Personal Information to the Cal DOJ.  Mr. Doe No. 3 is further informed and believes, and thereon alleges, that pursuant to California Penal Code sections 11106 and 30352(b), the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 3's Personal Information in the AFS and Ammunition Purchase Records File databases.

29.    Mr. Doe No. 3 is informed and believes, and thereon alleges, that he is eligible to be licensed to carry a concealed weapon pursuant to California Penal Code sections 26150, *et seq.*  Mr. Doe No. 3 desires to obtain a license to carry a concealed weapon for his personal protection, but Mr. Doe No. 3 is dissuaded from

- 10 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

doing so due to his fear that the Cal DOJ will publicly disclose his Personal Information.

30.    Mr. Doe No. 3 keeps his firearms in his home for protection of himself and his family.  When Mr. Doe No. 3 purchased his firearms, he understood that his Personal Information would be used only for law enforcement purposes and that the Cal DOJ would otherwise keep his Personal Information confidential.  Mr. Doe No. 3 believes that his status as a firearms owner is a private, personal matter, and that public disclosure of his Personal Information and status as a firearms owner will subject him to unwanted public attention, harassment, threats, and physical violence by individuals and groups in the community who are hostile to guns and gun owners.  Mr. Doe No. 3 further believes that disclosure of his Personal Information will greatly increase the risk that he will be a target of criminal efforts to steal his lawfully owned firearms.

31.    Plaintiff John Doe No. 3 intends to purchase firearms and ammunition in the future, but is dissuaded from doing so due to the consequent disclosure of his personal information to third-party researchers and institutions, and potentially to the broader public, and the attendant risks to his personal privacy and security.

### *Plaintiff John Doe No. 4*

32.    Plaintiff John Doe No. 4 is a natural person, a resident of the County of Orange, California, and is not legally prohibited from possessing firearms.  Mr. Doe No. 4 is married.

33.    Mr. Doe No. 4 is retired.  Prior to his retirement, Mr. Doe No. 4 worked in construction management.  Mr. Doe No. 4 is also a licensed firearms instructor and teaches courses in firearms safety and proficiency.

34.    Mr. Doe No. 4 owns multiple firearms, which he legally purchased from duly licensed firearms dealers located in California.  In connection with those purchases, pursuant to California Penal Code sections 28100, *et seq.* and 28200, *et*

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

- 11 -

*seq.*, Mr. Doe No. 4 provided to the licensed firearms dealers his personal information, including his name, address, California driver's license number, telephone number, place of birth, race, sex, height, weight, hair color, and eye color.  Mr. Doe No. 4 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 28200, *et seq.*, the licensed firearms dealers transmitted Mr. Doe No. 4's Personal Information to the Cal DOJ.  Mr. Doe No. 4 is further informed and believes, and thereon alleges, that pursuant to California Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 4's Personal Information in the AFS.

35.    Mr. Doe No. 4 has legally purchased ammunition from licensed ammunition vendors located in California.  In connection with those purchases, pursuant to California Penal Code section 30352(a), Mr. Doe No. 4 provided to the licensed ammunition vendors his personal information, including his name, address, California driver's license number, telephone number, and date of birth.  Mr. Doe No. 4 is informed and believes, and thereon alleges, that pursuant to California Penal Code section 30352(b)(1), the licensed ammunition vendors transmitted Mr. Doe No. 4's Personal Information to the Cal DOJ.  Mr. Doe No. 4 is further informed and believes, and thereon alleges, that pursuant to California Penal Code sections 11106 and 30352(b), the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 4's Personal Information in the AFS and Ammunition Purchase Records File databases.

36.    Mr. Doe No. 4 is duly licensed to carry a concealed firearm pursuant to California Penal Code sections 26150, *et seq.*  In connection with that license, Mr. Doe No. 4 provided to the licensing authority his personal information including his name, date of birth, age, social security number, California driver's license or ID number, occupation, residence, height, weight, color of eyes and hair, business address, and reason for desiring a license to carry the firearm, and personal information of his spouse, including her name and address.  Mr. Doe No. 4 is

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

informed and believes, and thereon alleges, that pursuant to California Penal Code section 26225(b), the licensing authority transmitted Mr. Doe No. 4's Personal Information to the Cal DOJ.  Mr. Doe No. 4 is further informed and believes, and thereon alleges, that pursuant to California Penal Code section 11106, the Cal DOJ keeps and maintains records consisting of Mr. Doe No. 4's Personal Information, including his social security number, in the AFS.

37.     Mr. Doe No. 4 keeps his firearms in his home and on his person, as legally permitted, for protection of himself and his family.  When Mr. Doe No. 4 purchased his firearms, he understood that his Personal Information would be used only for law enforcement purposes and that the Cal DOJ would otherwise keep his Personal Information confidential.  Mr. Doe No. 4 believes that his status as a firearms owner and concealed carry license holder is a private, personal matter, and that public disclosure of his Personal Information and status as a firearms owner will subject him to unwanted public attention, harassment, threats, and physical violence by individuals and groups in the community who are hostile to guns and gun owners.  Mr. Doe No. 4 further believes that disclosure of his Personal Information will greatly increase the risk that he will be a target of criminal efforts to steal his lawfully owned firearms.

### *Defendant Attorney General Rob Bonta*

38.     Defendant Rob Bonta is the Attorney General of the State of California.  He is the chief law enforcement officer of California.  As Attorney General, Defendant Bonta is charged by Section 13 of Article V of the California Constitution with the duty to see that the laws of the state are uniformly and adequately enforced.  Attorney General Bonta is the head of the Cal DOJ.  As head of the Cal DOJ, Defendant Bonta is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the Cal DOJ.  Plaintiffs are informed and believe that Defendant Bonta

- 13 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.  Defendant Bonta is sued in his official capacity.

39.     Plaintiffs do not know the true names or capacities of the defendants sued herein as DOES 1-25, inclusive, and will amend this Complaint to allege such facts as soon as they are ascertained.  Plaintiffs are informed and believe that Bonta and the defendants named herein as DOES 1-25, and each of them, are and acted as the agents of each other with respect to the actions alleged herein.

## GENERAL ALLEGATIONS

40.     Plaintiffs incorporate herein by this reference all preceding paragraphs of this Complaint as if set forth in full.

### *Firearms Transactions in California*

41.     Firearm transactions include any event where a firearm is transferred between two individuals.  Transactions can occur when an individual purchases a firearm from a licensed firearms dealer, or when an individual sells or transfers one of the firearms they own to another individual.[5]

42.     Under California law, every sale, loan, or transfer of a firearm in California must be processed through a licensed firearms dealer.  *See* Cal. Penal Code § 28050.  The sale of ammunition is, likewise, closely regulated and must be processed through a licensed ammunition vendor.  *See* Cal. Penal Code § 30312. The Cal DOJ maintains detailed records of all such transactions, including records containing Personal Information.  *See* Cal. Penal Code § 11106.

---

[5]     Open Justice, *Gun Sales in California, 1996-2020*, https://openjustice.doj.ca.gov/data-stories/gunsales-2020 (last visited Dec. 14, 2021), attached hereto as **Exhibit 3**.  Numerous charts on that webpage are interactive and, thus, did not fully populate in the .pdf file attached hereto as Exhibit 3.  Those interactive charts may be viewed at: https://openjustice.doj.ca.gov/data-stories/gunsales-2020 (last visited Dec. 14, 2021).

- 14 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

43.     The State of California began keeping records of handgun sales in 1996 and long gun sales in 2014.[6]

44.     Between 1996 and 2020, there were approximately **7.2 million** firearm transactions involving handguns in California.[7]

45.     Between 2014 and 2020, there were approximately **3 million** firearm transactions involving long guns in California.[8]

46.     In connection with every sale, loan, or transfer of a firearm,[9] and before any sale can be completed, every firearm purchaser[10] is required to provide to the licensed firearms dealer the purchaser's Personal Information, including name, address, and age. *See* Cal. Penal Code §§ 28210(a) & 28215(a).[11] The licensed firearms dealer, in turn, is required by statute to report the firearm

---

[6]     *See* Open Justice, *supra* note 5, and accompanying text.

[7]     *See id.* (chart entitled "Total Firearm Transactions Each Year," data for handguns); *see also id.* (chart entitled "Firearm Transaction Statistics Table").

[8]     *See id.* (chart entitled "Total Firearm Transactions Each Year," data for long guns); *see also id.* (chart entitled "Firearm Transaction Statistics Table").

[9]     "Sale" is defined to mean "the sale, loan, or transfer of a firearm." Cal. Penal Code § 28200(a).

[10]     "Purchaser" is defined to mean "the purchaser or transferee of a firearm or the person being loaned a firearm." Cal. Penal Code § 28200(b).

[11]     Before January 1, 1998, licensed firearms dealers submitted firearm purchaser information to the DOJ in the form of a register. *See* Cal. Penal Code § 28205(a). Beginning January 1, 1998, licensed firearms dealers submitted firearm purchaser information to the DOJ via electronic or telephone transfer. *See* Cal. Penal Code § 28205(b). Beginning January 1, 2003, electronic transfer became the exclusive means for submission of firearm purchaser information to the DOJ. *See* Cal. Penal Code § 28205(c).

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

purchaser information to the Cal DOJ. *See* Cal. Penal Code §§ 28210(c) & 28215(d).[12]

47. The Cal DOJ utilizes firearm purchaser information to determine whether the purchaser is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. Cal. Penal Code § 28220(a). Once the Cal DOJ makes an eligibility determination, the Cal DOJ must notify the licensed firearms dealer of its final determination, subject to a statutorily prescribed waiting period. *See* Cal. Penal Code § 28220(f).

48. This process is completed through submission of the official form entitled "Dealers' Record of Sale" to the Cal DOJ. A true and correct copy of the Dealers' Record of Sale Form ("DROS") is attached hereto as **Exhibit 5**.

49. Submission of the DROS typically is completed through the Cal DOJ's "DROS Entry System" ("DES").[13] According to the Cal DOJ, the DES "is a web-based application used by Firearms Dealers to report the sale, loan, transfer, redemption, and the acquisition of handguns and long guns to the [Cal DOJ], Bureau of Firearms (BOF)."[14]

### *Licensing in California: Firearm Transactions*

50. California's firearm laws include strict regulation of licenses. All sales of firearms and ammunition must be processed through a licensed firearms dealer

---

[12] *See also* State of California Department of Justice, *DES Firearms and Ammunition Dealer User Guide* 42 (Jan. 15, 2020) (listing firearm transactions for which a report of purchaser information is required), https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/pdf/dros-des-firearms-ammunition-dealer-user-guide.pdf?, attached hereto as **Exhibit 4**.

[13] *See id.* at 6; *see also* 11 Cal. Code Regs. §§ 4200, *et seq*.

[14] *Id.*

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

or ammunition vendor.[15]  The Cal DOJ maintains a central database of all firearms dealers and ammunition vendors licensed in the State.

51.     California Penal Code sections 26700, *et seq.*, prescribe the requirements to obtain a license to sell, lease, or transfer firearms at retail; California Penal Code section 30385 authorizes the Cal DOJ to issue ammunition vendor licenses; and California Penal Code section 3042 (effective July 1, 2022) sets forth the requirements for firearm precursor part vendor licenses.

52.     To obtain a license under California's firearm-related licensing laws, a prospective licensee must provide, among other things, a certificate of eligibility ("COE") issued by the Cal DOJ.  *See* Cal. Penal Code §§ 26705(b), 26710, 30347(a), 30385(a)–(b), & 30395(a).

53.     A COE, which must be renewed annually, certifies that the Cal DOJ has checked its records and determined the recipient is not prohibited from acquiring or possessing firearms at the time the firearms eligibility criminal background check was performed.  A COE is a pre-requisite licensing requirement for all prospective licensed firearms dealers, licensed ammunition vendors, manufacturers, certified instructors, gun show promoters, explosive permit holders, and other firearm related employment activities, including any agent or employee of a vendor who handles, sells, or delivers firearms and ammunition.[16]

54.     The COE application is governed by rules promulgated in the California Code of Regulations.  *See* Cal. Penal Code § 26710(d); 11 Cal. Code Reg. § 4030, *et seq.*  Under those regulations, initial COE applicants are

---

[15]     The licensing requirement also applies to manufacturers, certified instructors, gun show promotors, and explosive permit holders. *See* State of California Department of Justice, *Becoming A Firearm Dealer And/Or Ammunition Vendor In California*, https://oag.ca.gov/firearms/dealer-vendor (last visited Oct. 5, 2021).

[16]     State of California Department of Justice, *Certificate of Eligibility*, https://oag.ca.gov/firearms/cert-eligibility (last visited Dec. 14, 2021), attached hereto as **Exhibit 6**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

Snell & Wilmer
— L.L.P. —
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

compelled[17] to provide Personal Information to the Cal DOJ including the applicant's full name; driver license type and number or California identification number; date of birth; residence street address; phone number; gender; ATI number;[18] business type(s); United States citizenship; if not a United States citizen, the country of citizenship and the federal Alien Registration Number or federal I-94 number.  11 Cal. Code Reg. § 4035(b)(1).

55.    COE applicants must also agree to the "Department Privacy Notice" which provides, among other things, the following:

> (A) Collection and Use of Personal Information: the Division of Law Enforcement, Bureau of Firearms in the Department of Justice collects the information requested as authorized by Penal Code Section 26710. The Bureau of Firearms uses this information to establish grounds for the issuance of the license or permit indicated on this application.  In addition, any personal information collected by state agencies is subject to the limitations in the Information Practices Act and state policy.  The Department of Justice's general privacy policy is available at http://oag.ca.gov/privacy-policy.

> * * *

> (D) Possible Disclosure of Personal Information: in order to establish grounds for the issuance of the certificate, we may need to share the information you provide us with any Bureau of Firearms representative or other person designated by the Attorney General upon request.  The information provided may also be disclosed in the following circumstances:

> > (i) With other persons or agencies when necessary to perform their legal duties, and their use of your information is compatible

---

[17]    Applicants are required under the regulations to submit all personal information requested.  11 Cal. Code Reg. § 4035(b)(2)(B).

[18]    ATI refers to the Applicant Transaction Identifier number that is generated by the live scan device that scans fingerprints for background checks.  *See* State of California Department of Justice, *Fingerprint Background Checks*, https://oag.ca.gov/fingerprints (last visited Dec. 14, 2021), attached hereto as **Exhibit 7**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

and complies with state law, such as for investigations, licensing, certification, or regulatory purposes;

(ii) To another government agency as required by state or federal law.

11 Cal. Code Reg. § 4035(b)(2)(A) & (D).

56.     California law requires the Cal DOJ to establish and maintain a centralized list of all persons licensed to sell, lease, or transfer firearms at retail, *see* Cal. Penal Code § 26715(a), and a registry of all licensed ammunition vendors, *see* Cal. Penal Code § 30395(b).

### *California License to Carry a Concealed Firearm*

57.     California Penal Code sections 26150, *et seq.*, prescribe the requirements to obtain a license to carry a concealed firearm.

58.     An applicant for a license to carry a concealed firearm must prove that: the applicant is of good moral character; good cause exists for issuance of the license; the applicant is a resident of the county, or the applicant's principal place of employment is in the county where the applicant is applying; and the applicant has completed the statutorily required firearm training course. *See* Cal. Penal Code § 26150(a).

59.     Applications for licenses to carry a concealed firearm must be made on the form prescribed by the Attorney General.  Cal. Penal Code § 26175(a).  The standard application form requires information from the applicant including the applicant's: name, date of birth, age, social security number, California driver's license or ID number, occupation, residence, height, weight, color of eyes and hair, business address of the applicant, and reason for desiring a license to carry the weapon, and personal information of the applicant's spouse, including name and address.  A true and correct copy of the form entitled "Standard Initial and Renewal Application for License to Carry A Concealed Weapon" is attached hereto as

- 19 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

**Exhibit 8**. *See also* Cal. Penal Code § 26175(c). Finally, applications must be filed in writing and signed by the applicant. Cal. Penal Code § 26175(d).

60. Every license to carry a concealed weapon issued must set forth: "the licensee's name, occupation, residence and business address, the licensee's age, height, weight, color of eyes and hair, and the reason for desiring a license to carry the weapon, and shall, in addition, contain a description of the weapon or weapons authorized to be carried, giving the name of the manufacturer, the serial number, and the caliber." Cal. Penal Code § 26175(i).

61. The authority issuing a license to carry a concealed weapon must report and provide copies to the Cal DOJ of each of the following: the denial of a license; the denial of an amendment to a license; the issuance of a license; the amendment of a license; and the revocation of a license. Cal. Penal Code § 26225(b).

62. The Cal DOJ maintains copies of all licenses to carry a concealed weapon, *see* Cal. Penal Code § 11106(a), and all information reported to the Cal DOJ pursuant to California Penal Code sections 26150, *et seq.*, *see* Cal. Penal Code § 11106(b)(I).[19]

### *Firearm Transaction Information Reported to the Cal DOJ*

63. All of the information that is collected during a firearm transaction—including Personal Information—is reported to the to the Cal DOJ. *See* Cal. Penal Code §§ 28210(c) & 28215(d); *id.* § 11106.

64. California Penal Code section 30352 prohibits licensed ammunition vendors from selling or otherwise transferring ownership of any ammunition without recording and submitting the following information to the Cal DOJ:

---

[19] *See also* State of California Department of Justice, *Automated Firearms System Personal Information Update*, https://oag.ca.gov/firearms/afspi (last visited Dec. 14, 2021), attached hereto as **Exhibit 9**.

- 20 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

(1)   The date of the sale or other transfer.

(2)   The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(3)   The brand, type, and amount of ammunition sold or otherwise transferred.

(4)   The purchaser's or transferee's full name and signature.

(5)   The name of the salesperson who processed the sale or other transaction.

(6)   The purchaser's or transferee's full residential address and telephone number.

(7)   The purchaser's or transferee's date of birth.

Cal. Penal Code § 30352(a).

65.   Ammunition purchaser information reported to the Cal DOJ is retained in a database known as the "Ammunition Purchase Records File."  Cal. Penal Code § 30352(b)(1).

66.   California Penal Code section 30452 similarly prohibits licensed firearm precursor part vendors from selling or otherwise transferring ownership of any firearm precursor part without recording and submitting the following information to the Cal DOJ:

(A)   The date of the sale or other transfer.

(B)   The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(C)   The brand, type, and amount of firearm precursor parts sold or otherwise transferred.

(D)   The purchaser's or transferee's full name and signature.

(E)   The name of the salesperson who processed the sale or other transaction.

(F)   The purchaser's or transferee's full residential address and telephone number.

(G)   The purchaser's or transferee's date of birth.

Cal. Penal Code § 30452(a)(1).

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

*Maintenance of Records by the Cal DOJ*

67.     The Attorney General maintains a registry (i.e., the AFS) of all information reported to the Cal DOJ pursuant to, *inter alia*, California Penal Code sections 26700 *et seq.*, 26800 *et seq.*, 28050 *et seq.*, 28255, and "any other law." Cal. Penal Code § 11106(b)(1)(A), (C), (F), (I).

68.     The AFS is a "repository of firearm records maintained by the [Cal DOJ], as established by Penal Code section 11106," 11 Cal. Code Regs. 4281(d), that is "populated by way of firearm purchases or transfers at a California licensed firearm dealer, registration of assault weapons (during specified registration periods), an individual's report of firearm ownership to the [Cal DOJ], Carry Concealed Weapons Permit records, or records entered by law enforcement agencies."[20]

69.     The AFS consists of extensive Personal Information that law-abiding residents are compelled to submit to the Cal DOJ as a condition to the exercise of their Second Amendment rights.  California Penal Code section 11106 mandates that the AFS shall consist of all of the following information:

> (A)     The name, address, identification of, place of birth (state or country), complete telephone number, occupation, sex, description, and all legal names and aliases ever used by the owner or person being loaned the particular firearm as listed on the information provided to the department on the Dealers' Record of Sale, the Law Enforcement Firearms Transfer (LEFT), as defined in former Section 12084, or reports made to the department pursuant to any provision listed in subdivision (a) of Section 16585, Section 28255 or 29180, or any other law.

> (B)     The name and address of, and other information about, any person (whether a dealer or a private party) from whom the owner acquired or the person being loaned the particular firearm and when the firearm was acquired or loaned as listed on the information provided to the department on the Dealers' Record of Sale, the LEFT, or reports made to the department pursuant to any provision listed in subdivision (a) of Section 16585 or any other law.

---

[20]     State of California Department of Justice, *Automated Firearms System Personal Information Update*, https://oag.ca.gov/firearms/afspi (last visited Dec. 14, 2021), attached hereto as **Exhibit 9**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

(C)    Any waiting period exemption applicable to the transaction which resulted in the owner of or the person being loaned the particular firearm acquiring or being loaned that firearm.

(D)    The manufacturer's name if stamped on the firearm, model name or number if stamped on the firearm, and, if applicable, the serial number, other number (if more than one serial number is stamped on the firearm), caliber, type of firearm, if the firearm is new or used, barrel length, and color of the firearm, or, if the firearm is not a handgun and does not have a serial number or any identification number or mark assigned to it, that shall be noted.

Cal. Penal Code § 11106(b)(2).

### *Research into Firearm-Related Violence*

70.    In 2016, the California Legislature established a center for research into firearm-related violence, which the University of California administers.  *See* California Firearm Violence Research Act, 2016 Cal. Stat., Ch. 24, § 30, *codified as* Cal. Penal Code § 14230, *et seq.* (eff. June 27, 2016).

71.    The center for research into firearm-related violence was established for the purpose of conducting research into firearm-related violence and to identify, implement, and evaluate firearm violence prevention programs.  *See* 2016 Cal. Stat., Ch. 24, § 30, *codified as* Cal. Penal Code § 14231(a) (eff. June 27, 2016).

### *Assembly Bill 173*

72.    The California Legislature passed and, on September 23, 2021, Governor Newsom signed into law, AB 173, which is entitled "AN ACT to amend Sections 171c, 11106, 13202, 14230, 14231, 14231.5, 14236, 28220, 30000, 30352, and 30452 of, and to add Chapter 3 (commencing with Section 14240) to Title 12.2 of Part 4 of, the Penal Code, and to add Section 8106 to the Welfare and Institutions Code, relating to public safety, and making an appropriation therefor, to take effect immediately, bill related to the budget."  Assembly Bill No. 173, 2021 Cal. Stat., Ch. 253 (eff. Sept. 23, 2021), attached hereto as **Exhibit 10**.

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

73.    AB 173 declares that it is a "bill providing for appropriations related to the Budget Bill within the meaning of subdivision (e) of Section 12 of Article IV of the California Constitution, has been identified as related to the budget in the Budget Bill, and shall take effect immediately."  2021 Cal. Stat., Ch. 253, § 16.

74.    Among other amendments, AB 173 amends the California Penal Code as follows:

a.    Cal. Penal Code § 11106 is amended to add subdivision (d).  *See* 2021 Cal. Stat., Ch. 253, §§ 2 & 2.5; Cal. Penal Code § 11106 (eff. Sept. 23, 2021).  That subdivision generally authorizes the Attorney General to provide all information collected under California's firearm-related laws and maintained in the DOJ Registry to researchers affiliated with the California Firearm Violence Research Center at UC Davis and, "at the department's discretion," to "any other nonprofit bona fide research institution accredited by the United States Department of Education or the Council for Higher Education Accreditation for the study of the prevention of violence and following approval by the institution's governing institutional review board or human subjects committee when required."  *See* 2021 Cal. Stat. Ch. 253, §§ 2 & 2.5.

b.    Cal. Penal Code § 14231 is amended to add subdivisions (c)(1)–(3), (f), and (g).  *See* 2021 Cal. Stat., Ch. 253, § 5; Cal. Penal Code § 14231 (eff. Sept. 23, 2021).  Those amendments: name the center the "California Firearm Violence Research Center at UC Davis"; express the intent of the State Legislature that the California Firearm Violence Research Center be provided with access to the data and information collected and maintained by state agencies, including the Cal DOJ; and appropriate $10,000 from the General Fund to the Cal DOJ to

Snell & Wilmer

L.L.P.

LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

- 24 -

implement Cal. Penal Code § 14231.  *See* 2021 Cal. Stat., Ch. 253, § 5;
Cal. Penal Code § 14231 (eff. Sept. 23, 2021).

    c.    Cal. Penal Code § 30352 is amended to add subdivisions (b)(1)–
(2).  *See* 2021 Cal. Stat., Ch. 253, § 11; Cal. Penal Code § 30352 (eff.
Sept. 23, 2021).  Those amendments modify language in the prior
statute providing that information provided in connection with the
purchase and sale of ammunition would remain confidential and would
be used only for law enforcement purposes, to provide that the
information reported under that section shall be available to
researchers affiliated with the California Firearm Violence Research
Center at UC Davis and, "[a]t the department's discretion," to "any
other nonprofit bona fide research institution accredited by the United
States Department of Education or the Council for Higher Education
Accreditation for the study of the prevention of violence, following
approval by the institution's governing institutional review board or
human subjects committee when required, for academic and policy
research purposes."  *See* 2021 Cal. Stat., Ch. 253, § 11; Cal. Penal
Code § 30352 (eff. Sept. 23, 2021).

75.    The amendments listed in the preceding paragraph are referred to
herein jointly as the "AB 173 Amendments."

### *Effects of the AB 173 Amendments*

76.    As a condition upon the lawful exercise of Plaintiffs' Second
Amendment rights, Plaintiffs' Personal Information was reported to the Cal DOJ.
Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs'
Personal Information is kept and maintained in the AFS.

77.    When Plaintiffs disclosed their Personal Information to the Cal DOJ,
Plaintiffs relied on the laws then in effect and on the government's representation

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

that Plaintiffs' Personal Information would remain confidential and would be used only for law enforcement purposes.[21]

78.    Prior law expressly precluded the Cal DOJ from disseminating Plaintiffs' Personal Information outside of government for non-law enforcement purposes.  *See, e.g.*, Cal. Penal Code §§ 11106(a) & (c) (eff. Jan. 1, 2021 to Sept. 22, 2021).[22]

---

[21]    *See, e.g.*, State of California Department of Justice, *Privacy Policy Statement*, https://oag.ca.gov/privacy-policy (last visited Dec. 14, 2021), attached hereto as **Exhibit 11**; State of California Department of Justice Bureau of Firearms, *Personal Firearm Eligibility Check Application* (Rev. Jan. 2020), https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/pfecapp.pdf, attached hereto as **Exhibit 12**; State of California Department of Justice Bureau of Firearms, *Firearm Ownership Report* (Rev. Jan. 2020), https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/volreg.pdf, attached hereto as **Exhibit 13**.

[22]    Multiple versions of California Penal Code section 11106 were effective between December 31, 1999 and September 22, 2021.  During that period, all effective versions of the statute required the California Attorney General to maintain firearm-related Personal Information in the AFS.  *Compare* Cal. Penal Code § 11106 (eff. to Dec. 31, 1999), *with* Cal. Penal Code § 11106 (eff. Jan. 1, 2021 to Sept. 22, 2021).  And, furthermore, all effective versions of the statute authorized the Cal DOJ to disclose Personal Information to other government agencies only for law enforcement-related purposes.  The legislative history of California Penal Code section 11106 is as follows: Stats. 1997, c. 462 (A.B.991), § 2 (eff. to Dec. 31, 1999); Stats.1999, c. 571 (A.B.491), § 1 (eff. Jan. 1, 2000); Stats. 2002, c. 916 (S.B.1490), § 2 (eff. Jan. 1, 2002); Stats. 2003, c. 541 (A.B.1044), § 1 (eff. Jan. 1, 2004); Stats. 2005, c. 715 (A.B.1060), § 1.5 (eff. Jan. 1, 2006); Stats. 2006, c. 901 (S.B.1422), § 9 (eff. Jan. 1, 2007); Stats. 2010, c. 178 (S.B.1115), § 89 (eff. Jan. 1, 2012); Stats. 2014, c. 103 (A.B.1798), § 1 (eff. Jan. 1, 2015), *and* Stats. 2014, c. 878 (A.B.1609), § 2 (eff. Jan. 1, 2015); Stats.2016, c. 60 (A.B.857), §  1 (eff. Jan. 1, 2017); Stats.2017, c. 561 (A.B.1516), § 194 (eff. Jan. 1, 2018); Stats.2018, c. 898 (S.B.1200), § 2 (eff. Jan. 1, 2019); Stats.2019, c. 738 (S.B.376), § 2 (eff. Jan. 1, 2020); Stats.2020, c. 289 (A.B.2699), §  1 (eff. Jan. 1, 2021); Stats.2021, c. 253 (A.B.173), § 2 (eff. Sept. 23, 2021); Stats.2021, c. 250 (S.B.715), § 3 (eff. Jan. 1, 2022); Stats.2021, c. 253 (A.B.173), § 2.5 (eff. Sept. 23, 2021, operative Jan. 1, 2022).

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

79.     In an abrupt change, the AB 173 Amendments authorize the Attorney General and the Cal DOJ to share Plaintiffs' Personal Information, and the Personal Information of millions of California residents who have engaged in firearm transactions in furtherance of their Second Amendment rights, with unidentified non-governmental researchers at the California Firearm Violence Research Center and other nonprofit accredited research centers for purposes unrelated to law enforcement—the purpose for which Plaintiffs' Personal Information was submitted to, and collected by, the Cal DOJ in the first instance.  Even worse, the AB 173 Amendments do not adequately restrict the California Firearm Violence Research Center or "other nonprofit bona fide institution[s]" from further disseminating Plaintiffs' Personal Information, nor do the AB 173 Amendments provide for an enforcement mechanism to assure the confidentiality of Personal Information once in the hands of California Firearm Violence Research Center or "other nonprofit bona fide institution[s]."

80.     Plaintiffs are informed and believe, and based thereon allege, that as the AB 173 Amendments require, and consistent with Defendants' policies, practices, and customs, Attorney General Bonta has disclosed, and will continue to disclose, Plaintiffs' Personal Information to unidentified non-governmental researchers at the California Firearm Violence Research Center and other nonprofit accredited research centers for purposes unrelated to law enforcement.

81.     The public release of Plaintiffs' Personal Information to non-governmental public researchers and institutions, and potentially to the broader public, threatens Plaintiffs' personal privacy and physical security.

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite  1200
Irvine, California  92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

82.     When the identities of firearms owners are known, those owners often encounter concerted harassment, sometimes including violence.[23]  Indeed, firearm owners are frequent targets of criminal efforts to steal firearms from homes and businesses.[24]  In 2017, it was estimated that an average of 8,000 firearms are stolen from California homes each year.[25]  That trend is consistent with data collected by the Federal Bureau of Investigation showing that, between 2012 and 2015, an estimated 1.2 million guns were stolen from individuals nationwide.[26]

83.     Turning over Plaintiffs' Personal Information to the University of California Davis or other accredited research institutions, within or without California, would greatly increase the risk of unauthorized and unwarranted dissemination of Plaintiffs' protected Personal Information to the broader public, putting Plaintiffs and their families at great personal risk.

---

[23]     *See, e.g.*, Timothy O'Connor and Meghan E. Murphy, *Journal News gun permit map used by burglars to target White Plains home?*, NEWSDAY, Jan. 13, 2013 (describing burglary and attempted gun theft after a gun owner's name and address were published online), attached hereto as **Exhibit 14**; *Lessons Learned in Database Incident*, ROANOKE TIMES & WORLD NEWS, Mar. 25, 2007 (editorial expressing regret for publishing concealed handgun permit database containing addresses of "crime victims, law enforcement officers and domestic violence victims"), attached hereto as **Exhibit 15**.

[24]     *See, e.g.*, *Burglars Break Into Garden Grove Gun Store, Steal About 40 Firearms*, ABC7.COM, Dec. 9, 2021, https://abc7.com/garden-grove-gun-store-burglary-guns-stolen/11315630/, attached hereto as **Exhibit 16**; Betsy Woodruff Swan, *Gun Store Robberies Alarm Law Enforcement Officials*, Politico, June 23, 2020, https://www.politico.com/news/2020/06/23/gun-store-robberies-law-enforcement-336104, attached hereto as **Exhibit 17**.

[25]     *Burglars Target Guns in Residential Break-Ins, Fresno Police Say*, ABC30.COM, Nov. 30, 2017, https://abc30.com/gun-burglary-fresno-police-jerry-dyer/2719933/, attached hereto as **Exhibit 18**.

[26]     *See* Chelsea Parsons and Eugenio Weigend Vargas, *Stolen Guns in America*, CENTER FOR AMERICAN PROGRESS, Jul. 25, 2017, https://www.americanprogress.org/article/stolen-guns-america/, attached hereto as **Exhibit 19**.

- 28 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

84.     Universities, including the University of California and other accredited research institutions, are frequent targets of hacking attacks that have resulted in the Personal Information of tens of thousands of students and faculty being stolen and/or publicly exposed.[27]

85.     Under the AB 173 Amendments, there are no express statutory proscriptions concerning the scope of disclosure.  It is therefore possible that partisan and/or ideological activists or organizations, with established political and ideological bias against the rights guaranteed under the Second Amendment, may obtain access to Plaintiffs' Personal Information by associating themselves and their researchers with the California Firearm Violence Research Center or any other accredited nonprofit bona fide research institution.  Such activists or organizations could obtain such association by, for example, endowing a chair at the California Firearm Violence Research Center or any other accredited nonprofit bona fide research institution, and thereby obtain access to Plaintiffs' Personal Information.

86.     Faced with such risks, Plaintiffs are understandably afraid that having their identities disclosed will put them and their families at risk.

87.     There is no interest served by the disclosure of Plaintiffs' Personal Information, particularly in view of the heightened risks of harassment and loss of personal privacy that Plaintiffs will face if their Personal Information is disclosed.

---

[27]     *See, e.g.*, Christopher Ying, *UC Data Breach Leaks Students' Personal Information to Dark Web*, THE DAILY CALIFORNIAN, Apr. 27, 2021 (describing third-party Accellion hack targeting University of California and resulting exposure of personal information), https://www.dailycal.org/2021/04/27/uc-data-breach-leaks-students-personal-information-to-dark-web/, attached hereto as **Exhibit 20**; Michael Sessa, *SU Data Breach Exposes Nearly 10,000 Names, Social Security Numbers*, THE DAILY ORANGE, Feb. 10, 2021 (describing data breach at Syracuse University), http://dailyorange.com/2021/02/names-social-security-numbers-of-syracuse-university-students-exposed-in-data-breach/, attached hereto as **Exhibit 21**; Eric Stirgus, *AJC Continuing Coverage Georgia Tech Data Breach; Data Breach Began in December School Says*, ATLANTA JOURNAL CONSTITUTION, Apr. 4, 2019 (describing data breach at Georgia Tech University), attached hereto as **Exhibit 22**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

## INJUNCTIVE RELIEF ALLEGATIONS

88.     Plaintiffs are presently and continuously injured by Defendants' enforcement of California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, insofar as those provisions violate and infringe upon the rights of Plaintiffs under the Supremacy Clause of and the Second and Fourteenth Amendments to the United States Constitution.

89.     In the absence of an injunction, Defendants will implement and enforce California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, in derogation of the constitutional rights of Plaintiffs and similarly situated, law-abiding people.  Plaintiffs have no plain, speedy, and adequate remedy at law.  Damages are indeterminate or unascertainable and, in any event, would not fully redress the harm suffered by Plaintiffs.

## DECLARATORY RELIEF ALLEGATIONS

90.     Plaintiffs incorporate herein by this reference all preceding paragraphs of this Complaint as if set forth in full.

91.     There is an actual and present controversy between the parties. Plaintiffs contend that California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, infringe on the rights of Plaintiffs under the Second and Fourteenth Amendments to the United States Constitution, by, *inter alia*, unlawfully disclosing Plaintiffs' Personal Information to non-governmental third-parties for impermissible purposes, which information was disclosed in furtherance of, and attendant to, Plaintiffs' exercise of their Second Amendment rights. Plaintiffs also contend that California Penal Code section 26175 is preempted to the extent that statute compels disclosure of a social security number and that California Penal Code section 11106, as amended by AB 173, is preempted to the extent that statute authorizes disclosure of a concealed firearm licensee's social

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

security number to researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers.

92.     Plaintiffs, therefore, seek a judicial declaration that:

a.     California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, violate Plaintiffs' rights to informational privacy under the Fourteenth Amendment to the United States Constitution.

b.     California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, violate Plaintiffs' rights to keep and bear arms under the Second Amendment to the United States Constitution.

c.     California Penal Code section 11106, as amended by AB 173, retroactively applied to Plaintiffs and Plaintiffs' Personal Information, violates the rights of Plaintiffs under the Fourteenth Amendment to the United States Constitution.

d.     California Penal Code section 26175 is preempted to the extent that statute compels disclosure of a social security number and California Penal Code section 11106, as amended by AB 173, is preempted to the extent that statute authorizes disclosure of a concealed firearm licensee's social security number to researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers.

## FIRST CLAIM FOR RELIEF –
## DECLARATORY AND INJUNCTIVE RELIEF
### Right to Privacy
### (U.S. Const., amend. XIV; 42 U.S.C. § 1983)

93.     Plaintiffs incorporate herein by this reference all preceding paragraphs of this Complaint as if set forth in full.

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

94.     The Fourteenth Amendment to the United States Constitution protects the right to privacy, which includes "the individual interest in avoiding disclosure of personal matters." *Nixon v. Adm'r of General Servs.*, 433 U.S. 425, 457 (1977) (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).

95.     Generally, the right of privacy involves "those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty." *Roe v. Wade*, 410 U.S. 113, 152 (1973); *Palko v. Connecticut*, 302 U.S. 319, 325 (1937).

96.     The Supreme Court has expressly recognized the "threat to privacy implicit in the accumulation of vast amounts of personal information in computerized data banks or other massive government files." *Whalen*, 429 U.S. at 605; *see also NASA v. Nelson*, 562 U.S. 134, 155 (2011).

97.     An "informational privacy" interest is an interest in precluding the disclosure, dissemination, or misuse of personal matters or sensitive personal confidential information. *See Whalen*, 429 U.S. at 605 (1977); *Roe*, 410 U.S. at 152.

98.     "[I]nformation may be classified as 'private' if it is 'intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public.'" *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989) (citation omitted).  Indeed, "a strong privacy interest inheres in the nondisclosure of compiled computerized information . . . ." *Id.* at 766.  The fact that "an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of the information." *Id.* at 770 (internal quotation marks omitted).

99.     Plaintiffs disclosed their Personal Information to Defendants only because Plaintiffs were required by law to do so as a condition on Plaintiffs' constitutionally protected right to purchase firearms. *See Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017); *Bauer v. Becerra*, 858 F.3d 1216,

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1222–23 (9th Cir. 2017); *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011).

100.   Plaintiffs have not otherwise publicly disclosed their Personal Information, nor is Plaintiffs' Personal Information otherwise publicly available.

101.   "[T]he right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public." *Planned Parenthood of Southern Arizona v. Lawall,* 307 F.3d 783, 789–90 (9th Cir. 2002) (citations omitted).

102.   Plaintiffs are and were entitled to a reasonable expectation of privacy and confidentiality in their Personal Information.

103.   Before Plaintiffs disclosed their Personal Information, Defendants represented that Plaintiffs' Personal Information would be used for law enforcement purposes only.[28]

104.   Plaintiffs disclosed their Personal Information in reliance on Defendants' representations that Plaintiffs' Personal Information would be used for law enforcement purposes only and would remain confidential.

105.   Plaintiffs reasonably expected that their Personal Information would be kept confidential within the government and would be used for law enforcement purposes only.

106.   "To decide if the government may seek or use private information, courts balance the government's interest in having or using the information against the individual's interest in denying access." *Doe v. Attorney General of U.S.*, 941 F.2d 780, 796 (9th Cir. 1991), *disapproved on other grounds by Lane v. Pena*, 518 US 187, 191–93 (1996).  The government may use information covered by the right

---

[28]   *See, e.g.,* State of California Department of Justice, *Privacy Policy Statement*, https://oag.ca.gov/privacy-policy (last visited Dec. 21, 2021), attached hereto as **Exhibit 11**.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

to privacy only if it can show "that its use of the information would advance a legitimate state interest and that its actions are narrowly tailored to meet the legitimate interest." *Id.* (citing *Thorne v. City of El Segundo*, 726 F.2d 459, 469–71 (9th Cir. 1983), *cert. denied*, 469 U.S. 979 (1984)).

107.   By engaging in the conduct set forth herein, Defendants have committed, and will continue to commit, serious invasions of Plaintiffs' privacy interests, including their informational privacy.

108.   Disclosing Plaintiffs' Personal Information to non-government researchers at the California Firearm Violence Research Center and other nonprofit accredited research centers under the permissive regime established by the AB 173 Amendments does not advance any legitimate state interest and, even if it did, disclosure of Plaintiffs' Personal Information is not a necessary nor narrowly-tailored means of achieving such state interest.

109.   Therefore, to the extent that California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, authorize or compel disclosure of Plaintiffs' Personal Information to researchers at the California Firearm Violence Research Center and other nonprofit bona fide accredited research centers, those sections violate and infringe upon Plaintiffs' constitutionally protected right to privacy under the Fourteenth Amendment to the United States Constitution.

110.   Accordingly, there is an actual and present controversy between the parties.  Plaintiffs seek a declaration that California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, violate the Fourteenth Amendment to the United States Constitution, to the extent those sections authorize disclosure of Personal Information to researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers.

111.   Plaintiffs also seek an injunction prohibiting Defendants from enforcing California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, to the extent those sections authorize disclosure of Personal Information to

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers.

## SECOND CLAIM FOR RELIEF –
## DECLARATORY AND INJUNCTIVE RELIEF
### Right to Keep and Bear Arms
### (U.S. Const., amends. II and XIV; 42 U.S.C. § 1983)

112.   Plaintiffs incorporate herein by this reference all preceding paragraphs of this Complaint as if set forth in full.

113.   The Second Amendment to the United States Constitution declares: "the right of the people to keep and bear arms shall not be infringed."  U.S. Const. amend. II.

114.   The Second Amendment protects the people's fundamental, individual right to keep and bear—and thus to acquire, possess, transport, and use—arms for lawful purposes.

115.   The Second Amendment "guarantee[s] the individual right to possess and carry" arms and "elevates above all other interests the right of law-abiding responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

116.   The United States Supreme Court has also held that the Second Amendment right to keep and bear arms is a fundamental right, incorporated into the Due Process Clause of the Fourteenth Amendment and, thus, may not be infringed by state governments. *McDonald v. City of Chicago*, 561 U.S. 742, 750, 778 (2010).

117.   The text, history, and tradition of the Second Amendment dictate that the Second Amendment protects the right to purchase firearms.  The fundamental right to possess firearms for protection necessarily implies a corresponding right to purchase firearms—the core right to possess firearms wouldn't mean anything

without the ability to purchase firearms in the first instance.  *See Heller*, 554 U.S. at 616–19; *Bauer*, 858 F.3d at 1222–23; *Ezell*, 651 F.3d at 704.  Restrictions that limit or condition the ability of law-abiding citizens to purchase a firearm, thus, necessarily burden the Second Amendment rights of those citizens.

118.    When a law burdens a fundamental right, under any standard of scrutiny, the government must show that the law furthers a governmental interest and the law is tailored in a manner that avoids unnecessary infringement on that fundamental right.

119.    The tailoring requirement is of crucial importance in cases involving a compelled disclosure: "even a 'legitimate and substantial' government interest 'cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.'"  *Ams. for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373, 2384 (2021) (quoting *Shelton v. Tucker*, 364 U.S. 479, 488 (1960)).

120.    Plaintiffs are law-abiding citizens who exercised their Second Amendment rights to purchase firearms from a licensed firearms dealer in the State of California and, as a condition of doing so, complied with California's firearms-related laws.

121.    Plaintiffs disclosed their Personal Information to Defendants only because Plaintiffs were required by law to do so as a condition on Plaintiffs' exercise of their Second Amendment right to purchase firearms.

122.    In taking Plaintiffs' Personal Information, Defendants affirmatively assured Plaintiffs that their Personal Information would be kept private and confidential and would be used only for law enforcement purposes.

123.    Under the AB 173 Amendments, Plaintiffs are informed and believe, and based thereon allege, that Cal DOJ has and will continue to disclose Plaintiffs' Personal Information to unaccountable and unidentified non-governmental actors,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

including researchers at the California Firearm Violence Research Center and other nonprofit bona fide accredited research centers.

124. As a result of those disclosures, Plaintiffs legitimately fear for their privacy and physical security.

125. Disclosure of Plaintiffs' Personal Information to non-governmental, unaccountable, third-party researchers at the California Firearm Violence Research Center and any other nonprofit accredited research centers, as is required under the AB 173 Amendments, does not advance or relate to any legitimate state interest.

126. Under California law, including the AB 173 Amendments, Plaintiffs must either agree to the disclosure of their Personal Information to third-party non-governmental researchers, which gives rise to the risks to Plaintiffs' privacy and physical security, or relinquish their constitutionally protected right to purchase firearms. Either way, under the AB 173 Amendments, Plaintiffs stand to lose their constitutional freedoms—and thus suffer irreparable harm.

127. The AB 173 Amendments impermissibly burden Plaintiffs' exercise of their constitutionally protected rights to keep and to bear arms. The AB 173 Amendments are intended to have the effect of discouraging California residents from exercising their constitutionally protected rights to keep and to bear arms. The AB 173 Amendments will have the effect of chilling the exercise of the rights to keep and to bear arms that are protected by the Second Amendment of the United States Constitution.

128. Furthermore, any legitimate, important or compelling government interests to be advanced by the AB 173 Amendments can be met without the disclosure of Personal Information as authorized by the AB 173 Amendments.

129. Accordingly, there is an actual and present controversy between the parties. Plaintiffs seek a declaration that California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, violate the Second Amendment to the United States Constitution, to the extent those sections authorize disclosure of

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

1   Personal Information to researchers at the California Firearm Violence Research

2   Center and any other nonprofit accredited research centers.

3       130.   Plaintiffs also seek an injunction prohibiting Defendants from

4   enforcing California Penal Code sections 11106, 14231, and 30352, as amended by

5   AB 173, to the extent those sections authorize disclosure of personal identifying

6   information to researchers at the California Firearm Violence Research Center and

7   any other nonprofit bona fide accredited research centers.

8

9                 **THIRD CLAIM FOR RELIEF –**

10           **DECLARATORY AND INJUNCTIVE RELIEF**

11        **Due Process – Unconstitutional Retroactive Application**

12              **(U.S. Const. amend. XIV; 42 U.S.C. § 1983)**

13      131.   Plaintiffs incorporate herein by this reference all preceding paragraphs

14   of this Complaint as if set forth in full.

15      132.   The Fourteenth Amendment provides that no State shall "deprive any

16   person of life, liberty, or property, without due process of law . . . ." U.S. Const.,

17   Amend. XIV.

18      133.   The antiretroactivity principle finds expression in several provisions of

19   the United States Constitution, including the Due Process Clauses of the Fifth and

20   Fourteenth Amendments. *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 266

21   (1994). The Due Process Clause "protects the interests in fair notice and repose

22   that may be compromised by retroactive legislation; a justification sufficient to

23   validate a statute's prospective application under the Clause 'may not suffice' to

24   warrant its retroactive application." *Id.* (quoting *Usery v. Turner Elkhorn Mining

25   Co.*, 428 U.S. 1, 17 (1976)).

26      134.   The Supreme Court has described the general antiretroactivity

27   principle as follows:

28

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

[The] first rule of construction is that legislation must be considered as addressed to the future, not to the past. . . .  The rule has been expressed in varying degrees of strength but always of one import, that a retrospective operation will not be given to a statute which interferes with antecedent rights . . . unless such be "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature."

*United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982) (quoting *Union Pacific R. Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199 (1913) (citations omitted)).

135.   "[T]he presumption against retroactive legislation is deeply rooted in [the Supreme Court's] jurisprudence, and embodies a legal doctrine centuries older than our Republic.  Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted."  *Landgraf*, 511 U.S. at 265 (footnotes omitted).  Statutory construction thus favors prospective application, absent clear legislative language to the contrary.  *Id.*

136.   AB 173 amends California Penal Code section 11106 to add subdivision (d) which provides, in part, as follows: "All information collected pursuant to this section shall be maintained by the department and shall be available to researchers affiliated with the California Firearm Violence Research Center at UC Davis for academic and policy research purposes upon proper request and following approval by the center's governing institutional review board when required."  2021 Cal. Stat., Ch. 253, §§ 2 & 2.5; Cal. Penal Code § 11106(d) (eff. Sept. 23, 2021).

137.   AB 173 also amends California Penal Code section 30352(b).  Whereas, before AB 173's amendments, section 30352(b) expressly limited the Cal DOJ's use of Personal Information to law enforcement purposes only, AB 173 amends California Penal Code section 30352(b) to add subdivisions (b)(1) and (2), which require the Cal DOJ to make Plaintiffs' Personal Information available to researchers affiliated with the California Firearm Violence Research Center at UC Davis and, subject to the Cal DOJ's discretion, any other nonprofit bona fide

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

accredited research institution. *Compare* 2016 Cal. Legis. Serv. Prop. 63, § 8.13, *and* Cal. Penal Code § 3052(b) (eff. Jan. 1, 2017 to Sept. 22, 2021), *with* 2021 Cal. Stat., Ch. 253, § 11, *and* Cal. Penal Code § 3052(b) (eff. Sept. 23, 2021).

138.   Plaintiffs have a constitutionally protected privacy interest in their Personal Information. *See Whalen*, 429 U.S. at 605 (1977); *Roe*, 410 U.S. at 152; *Planned Parenthood of Southern Arizona,* 307 F.3d at 789–90 ("the right to informational privacy applies both when an individual chooses not to disclose highly sensitive information to the government and when an individual seeks assurance that such information will not be made public") (citations omitted).

139.   Application of California Penal Code sections 11106 and 30352, as amended by AB 173, retroactively to Plaintiffs and their Personal Information—which was disclosed and reported to the Cal DOJ prior to the passage of AB 173—would be an unlawful retroactive application, without valid justification, constituting a deprivation of liberty or property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

140.   Prior to the passage of AB 173, California Penal Code section 11106 expressly limited disclosure of Plaintiffs' Personal Information collected pursuant to that section only to a limited class of statutorily defined governmental actors and agencies, and only for law enforcement purposes. *Compare* Cal. Penal Code §§ 11106(a)(2) & (c) (eff. Jan. 1, 2021 to Sept. 22, 2021), *with* Cal. Penal Code § 11106 (eff. Sept. 23, 2021).

141.   Prior to the passage of AB 173, California Penal Code section 30352 expressly limited disclosure of Plaintiffs' Personal Information collected pursuant to that section only to a limited class of statutorily defined governmental actors and agencies, and only for law enforcement purposes. *Compare* 2016 Cal. Legis. Serv. Prop. 63, § 8.13, *and* Cal. Penal Code § 3052(b) (eff. Jan. 1, 2017 to Sept. 22, 2021), *with* 2021 Cal. Stat., Ch. 253, § 11, *and* Cal. Penal Code § 3052(b) (eff. Sept. 23, 2021).

- 40 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

142.   Plaintiffs disclosed their Personal Information to Defendants only because Plaintiffs were required by law to do so as a condition on Plaintiffs' constitutionally protected right to purchase firearms. *See Teixeira*, 873 F.3d at 678; *Bauer*, 858 F.3d at 1222–23; *Ezell*, 651 F.3d at 704.

143.   When Plaintiffs disclosed their Personal Information, Plaintiffs did so because Defendants represented that Plaintiffs' Personal Information would be used only for law enforcement purposes and would remain confidential.

144.   Plaintiffs further relied on prior law which expressly proscribed the Cal DOJ's authority to disseminate Plaintiffs' Personal Information for law enforcement purposes only.

145.   Plaintiffs have not otherwise publicly disclosed their Personal Information, nor is Plaintiffs' Personal Information otherwise publicly available.

146.   Plaintiffs were and are entitled to a reasonable expectation of privacy and confidentiality in their Personal Information.

147.   Plaintiffs reasonably expected that their Personal Information would be kept confidential within the government and would be used only for law enforcement purposes.

148.   The Due Process Clause also protects against retroactive legislation that is arbitrary or irrational, and a justification adequate for prospective legislation might be insufficient to satisfy due process for retroactive aspects of the legislation. *Usery*, 428 U.S. at 16–17; *see also E. Enters. v. Apfel*, 524 U.S. 498, 548 (1998) (Kennedy, J., concurring) (concurring opinion would have invalidated statute on due process grounds because it did not bear any "legitimate relation to the interest which the Government asserts in support of the statute").

149.   There is no legitimate interest for Defendants to disclose Plaintiffs' Personal Information to third-party researchers.  To the extent any countervailing state interest exists (there is none), there are other feasible alternatives that do not require disclosure of Plaintiffs' Personal Information.

- 41 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

150.   Accordingly, there is an actual and present controversy between the parties.  Plaintiffs seek a declaration that retroactive application of California Penal Code sections 11106 and 30352, as amended by AB 173, violate the Fourteenth Amendment to the United States Constitution.

151.   Plaintiffs also seek an injunction prohibiting Defendants from implementing California Penal Code section 11106 and 30352, as amended by AB 173, to the extent those sections authorize disclosure of Plaintiffs' personal identifying information, obtained under prior law, to researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers.

## FOURTH CLAIM FOR RELIEF – DECLARATORY AND INJUNCTIVE RELIEF

### Supremacy Clause – Privacy Act Preemption

### (U.S. Const., Art. VI, § 2)

152.   Plaintiffs incorporate herein by this reference all preceding paragraphs of this Complaint as if set forth in full.

153.   The Supremacy Clause, Article VI, Section 2, of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution of Laws of any State to the Contrary notwithstanding.

154.   The Supremacy Clause mandates that federal law preempts state law in any area over which Congress expressly or impliedly has reserved exclusive authority or which is constitutionally reserved to the federal government, or where state law conflicts or interferes with federal law.

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

- 42 -

155.   "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve."   *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (internal citations omitted).  Indeed, "[a] party may seek injunctive relief under the Supremacy Clause regardless of whether the federal statute at issue confers any substantive rights on would-be plaintiffs."  *Indep. Living Ctr. of S. California, Inc. v. Shewry*, 543 F.3d 1050, 1062 (9th Cir. 2008).

156.   Section 7(b) of the Privacy Act of 1974, Pub. L. No. 93–579, 88 Stat. 1909 (1974), *reprinted in* 5 U.S.C § 552a note, provides as follows:

> Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

157.   Under California law, applications for licenses to carry a concealed firearm must be made on the form prescribed by the Attorney General.  Cal. Penal Code § 26175(a).  The standard application form requires information from the applicant including the applicant's social security number.  *See* **Exhibit 8** at 9 (§ 7); *see also id.* at 2, ¶¶ 2–3 ("Important Instructions").

158.   In order to obtain, and subsequently to renew, his license to carry a concealed firearm, John Doe No. 4 provided his social security number to the licensing authority.  John Doe No. 4 is informed and believes, and thereon alleges, that the licensing authority transmitted his Personal Information, including his social security number, to the Cal DOJ.

159.   The standard application form prescribed by the Attorney General did not specify whether disclosure of the social security number is mandatory or voluntary, by what statutory or other authority the number was requested, or what uses would be made of the number, or the specific consequences of not providing

the number, or the possible dissemination of the number, nor was John Doe No. 4 notified of these facts before he applied for, or when he renewed, his license to carry a concealed firearm.

160.   California Penal Code section 26175 is therefore preempted to the extent that statute compels disclosure of a social security number and Defendant may not enforce that statute.

161.   California Penal Code section 11106(d) is therefore preempted to the extent that statute authorizes disclosure of a concealed firearm licensee's social security number to researchers at the California Firearm Violence Research Center and any other nonprofit bona fide accredited research centers and Defendant may not enforce that statute.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that the Court grant relief as follows:

1.   Entering a judgment declaring that:

a.   California Penal Code sections 11106, 14231, and 30352, as amended by AB 173, are unconstitutional on their face or, alternatively, to the extent such can be segregated from the rest of those statutes, that any provision of sections 11106, 14231, and 30352 that permits the disclosure of the personal identifying information to researchers at the California Firearm Violence Research Center and any other unaccountable and unidentified non-governmental actors, including any nonprofit bona fide accredited research center, violates the Second and Fourteenth Amendments to the United States Constitution.

b.   California Penal Code section 11106, as amended by AB 173, retroactively applied to Plaintiffs and Plaintiffs' Personal Information,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1    violates the rights of Plaintiffs under the Fourteenth Amendment to the

2    United States Constitution.

3          c.      California Penal Code section 26175 is preempted to the extent

4    that statute compels disclosure of a social security number and

5    California Penal Code section 11106, as amended by AB 173, is

6    preempted to the extent that statute authorizes disclosure of a

7    concealed firearm licensee's social security number to researchers at

8    the California Firearm Violence Research Center and any other

9    unaccountable and unidentified non-governmental actors, including

10   any nonprofit bona fide accredited research center.

11         2.      Issuing an injunction enjoining Defendants and their officers from

12   enforcing California Penal Code sections 11106, 14231, and 30352, as amended by

13   AB 173, in their entirety or, alternatively, to the extent such can be segregated from

14   the rest of those statutes, any provision of sections 11106, 14231, and 30352 that

15   permits the disclosure of law-abiding citizens' personal identifying information to

16   researchers at the California Firearm Violence Research Center and any other

17   nonprofit bona fide accredited research center.

18         3.      Awarding remedies available under 42 U.S.C. § 1983 and all

19   reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, and Cal.

20   Civ. Code § 1798.48(b).

21         4.      Granting such other and further relief as the Court deems just and

22   proper.

23

24

25

26

27

28

- 45 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Snell & Wilmer
L.L.P.
LAW OFFICES
1920 Main Street, Suite 1200
Irvine, California 92614-7230
(949) 253-2700

1    Dated:  February 18, 2022                    Respectfully submitted,

2                                                 SNELL & WILMER L.L.P.

3

4                                         By:   _____

5                                               Michael B. Reynolds
                                                Collin R. Higgins
6                                               Cameron J. Schlagel
                                                Attorneys for Plaintiffs

7    4876-6343-0415

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 46 -

FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF