Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlgel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; JOHN DOE NO. 1, an individual; JOHN DOE NO. 2, an individual; JOHN DOE NO. 3, an individual; and JOHN DOE NO. 4, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 3:22-cv-00010-LAB-DEB<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 26] AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [ECF NO. 38]** |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Jane Doe, John Doe No. 1, John Doe No. 2, John Doe No. 3, and John Doe No. 4 (jointly, "Plaintiffs") respectfully submit this Notice of Supplemental Authority in support of their Motion for Preliminary Injunction (the "Motion") [ECF No. 26], Reply in Support of the Motion (the "Reply") [ECF No. 32], and Opposition to the Motion to Dismiss filed by Defendant Attorney General Robert Bonta (the "Opposition") [ECF No. 38].

On May 11, 2022, the United States Court of Appeals for the Ninth Circuit issued the attached opinion in *Jones v. Bonta*, No. 20-56174, affirming in part and reversing in part the district court's denial of the plaintiffs' motion for a preliminary injunction seeking to enjoin, under the Second Amendment, California's bans on the sale of long guns and semiautomatic centerfire rifles to anyone under the age of 21. Judge Lee filed a concurring opinion and Judge Stein, sitting by designation, filed a dissent. Per the panel's summary, "the district court did not abuse its discretion in declining to enjoin the requirement that young adults obtain a hunting license to purchase a long gun," but "the district court erred in not enjoining an almost total ban on semiautomatic centerfire rifles." Slip Op. at 3.

With respect to the latter, the panel held, *inter alia*, that the district court erred by applying intermediate scrutiny rather than strict scrutiny, but even applying intermediate scrutiny, the ban regulated more conduct than was necessary to achieve its goal and therefore failed the reasonable fit test. *Id.* at 4. In so holding, the panel explained that "[b]ecause the Second Amendment is not a 'second-class right,' [quoting *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010)], [courts] must treat it the same as other rights," and then analogized the Second Amendment right at issue to the right to privacy. Slip Op. at 20 n.7. The panel proceeded to analyze, in great detail, the meaning and application of intermediate scrutiny in Second Amendment cases, *see id.* at 45–52, confirming that "intermediate scrutiny continues to require an analysis of whether the

regulation is a reasonable fit for the government's objective, not just an assessment of *whether it does anything at all*," *id.* at 46 (emphasis added). The "fit" required under intermediate scrutiny, the panel explained, means "a law is a good fit for a goal if it regulates only when it helps achieve that goal, and not in other instances." *Id.* at 47. Thus, to survive intermediate scrutiny, a law must not "burden substantially more protected activity than is necessary to further the government's interest." *Id.* (quoting *Silvester v. Becerra*, 138 S. Ct. 945, 950 (2018) (Thomas, J., dissenting from denial of certiorari)).

Applying that standard to the semiautomatic ban at issue, the court held that the ban was unlikely to be a reasonable fit for California's stated objective—"to promote public safety and reduce gun violence and crime," *id.* at 48—because the law "regulates so much more conduct than necessary to achieve its goal," *id.* at 50. In that regard, the panel observed that "one way that states can improve regulations' fit is by having exceptions or more individualized assessment." *Id.* at 51 (citing cases). And, addressing the deference owed to the California legislature, the panel clarified that the court defers "to the legislature's judgment only on the effect of a law, and not on the law's fit." *Id.* at 52.

The panel also held that the district court erred in its analysis of the irreparable harm preliminary injunction factor. *Id.* at 52–55. In that regard, the panel noted, "for the district court's reconsideration," that "the government suffers no harm from an injunction that merely ends unconstitutional practices." *Id.* at 55 (internal quotations and citation omitted).

Plaintiffs respectfully submit that the *Jones* court's decision supports Plaintiffs' arguments as set forth on pages 23–31 and 33–35 of Plaintiffs' Motion, pages 6–12 of Plaintiffs' Reply, and pages 18–19, 21–26, and 29–32 of Plaintiffs' Opposition.

| | |
|---|---|
| Dated: May 12, 2022 | Respectfully submitted, |
| | SNELL & WILMER L.L.P. |
| | By: _____ |
| | Michael B. Reynolds |
| | Colin R. Higgins |
| | Cameron J. Schlagel |
| | Attorneys for Plaintiffs |

4856-3778-4863