ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
CHARLES J. SAROSY
NELSON R. RICHARDS
Deputy Attorneys General
State Bar No. 246996
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7867
  Fax: (916) 324-8835
  E-mail: Nelson.Richards@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE DOE, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Defendant. | 3:22-cv-00010-AJB-DEB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 44]**<br><br>Judge:     The Hon. Larry A. Burns<br>Action Filed:     1/5/2022 |

1	Defendant Rob Bonta, in his official capacity as Attorney General of the State
2	of California, submits this response to Plaintiffs' Notice of Supplemental Authority
3	(Pls.' Notice), ECF No. 44, regarding *Jones v. Bonta*, No. 20-56174, 2022 WL
4	1485187 (9th Cir. May 11, 2022).

5	Both California and federal law prohibit the sale of handguns to people under
6	the age of 21. Cal. Penal Code § 27505; 18 U.S.C. § 922(b)(1). In addition,
7	California imposes various requirements and restrictions on the sale of long guns to
8	people under the age of 21. The plaintiffs in *Jones* challenge two aspects of those
9	laws as applied to people who are at least 18 years old, but not yet 21 years old—or
10	what the opinion calls "young adults." Slip Op. 9-10 & n.1. **First**, the plaintiffs
11	challenge the requirement that young adults who are not members of law
12	enforcement or the armed forces must have a hunting license to purchase a long
13	gun. Slip Op. 8; Cal. Penal Code § 27050(b). **Second**, they challenge the
14	prohibition on the sale of semiautomatic centerfire rifles to young adults. Slip
15	Op. 8; Cal. Penal Code § 27050(b). The district court denied the plaintiffs' motion
16	for preliminary injunction on both challenges. Slip Op. 8. The Ninth Circuit
17	affirmed the denial of the motion on the challenge to the hunting-license
18	requirement, which the Ninth Circuit called the "long gun regulation." *Id.* at 8-10. It
19	reversed the district court's denial of the motion with regard to the restrictions on
20	the sale of semiautomatic rifles to young adults, which the court characterized as
21	the "semiautomatic rifle ban." Slip Op. 8-10; *see also id.* at 10 n.4 (explaining that
22	although not all semiautomatic rifles are centerfire, because "[m]ost rifles are
23	centerfire rifles," the court would, "for ease of reference, . . . refer just to
24	semiautomatic rifles").

25	The Ninth Circuit discussed the well-known two-step Second Amendment
26	framework. Slip Op. 16-19. Step one, the court explained, entails asking "whether
27	the challenged law burdens conduct protected by the Second Amendment." *Id.* at 16
28	(quotation marks omitted); *see also id.* at 31 ("At the first step, we just ask whether

2

the regulations burden Second Amendment rights at all."). This discussion supports the Attorney General's argument in this case that Plaintiffs' Second Amendment claim fails because AB 173 burdens no conduct protected by the Second Amendment. Def.'s MTD FAC at 20:7-8, ECF No. 36; Def.'s Reply ISO MTD FAC at 7:16, ECF No. 39.

At step two, the Ninth Circuit held that the district court properly applied intermediate scrutiny to the long gun regulation because it "allows a young adult to buy a long gun if he gets a hunting license" and thus "does not prevent young adults from having any firearms or from using them in any particular way." Slip. Op. 37. It held that the district court did not abuse its discretion because the State "will likely be able to show that California's long gun regulation is a reasonable fit for the stated objective," *id.* at 43, of increasing "public safety through sensible firearm control," *id.* at 44 (quotation marks omitted). The court explained: "We agree with the district court that sensible firearm control includes things like proper training and maintenance of firearms. California has pursued that end by requiring young adults to take a class which teaches them, among other things, firearm safety information." *Id.* (quotation marks and internal citation omitted). The court reasoned that "[b]ecause the hunting classes include other, unrelated information, the requirement is not a perfect fit. In other words, this requirement likely is neither narrowly tailored nor the least restrictive means for achieving California's goal. But it doesn't have to be: it only has to be a reasonable fit. And it likely is." *Id.* That application of intermediate scrutiny supports the Attorney General's argument that AB 173 easily withstands intermediate scrutiny. Def.'s MTD FAC at 23:1-2:7-8, ECF No. 36; Def.'s Reply ISO MTD FAC at 9:2-4, ECF No. 39; Def.'s Opp'n to Pls.' PI Mot. at 23:2-6, ECF No. 29.

The Ninth Circuit reached a different result at step two with regard to the restrictions on sales and transfers of semiautomatic centerfire rifles. It held that strict scrutiny applied because the law imposed a severe burden on conduct

3

protected by the Second Amendment: "Young adults already cannot buy the quintessential self-defense weapon, and this ban now stop them from buying semiautomatic rifles, leaving only shotguns" as a means of self-defense in the home. Slip Op. 40 (internal citation omitted). The Ninth Circuit reversed the district court for applying intermediate scrutiny instead of strict scrutiny. *Id.* at 45. The Court also held, in the alternative, that the law was unlikely to withstand intermediate scrutiny because the semiautomatic rifle restrictions "regulate[] so much more conduct than necessary to achieve [the State's] goal" of promoting public safety and reducing gun violence and crime. *Id.* at 50. The Attorney General, who is one of the named defendants in *Jones*, disagrees with the court's reasoning. Regardless of whether the court's reasoning is correct, however, it has no bearing on this case. *Jones* involves restrictions on the circumstances under which a federally licensed firearms dealer can sell or transfer long guns, including semiautomatic centerfire rifles, to young adults. AB 173, by contrast, restricts no conduct relating to the sales, possession, or use of firearms. *See* Cal. Penal Code §§ 14230-31, 11106, 30352. Because the law imposes no meaningful burden on conduct protected by the Second Amendment, and because the law directly advances California's interest in addressing firearm-related crime, suicide, and accidents, Plaintiffs' claims fail as a matter of law. Def.'s Opp'n to Pls.' PI Mot. at 19-20, 22-23, ECF No. 29; Def.'s MTD FAC at 22-23, ECF No. 36; Def.'s Reply ISO MTD FAC at 8-9, ECF No. 39. Nothing in *Jones* counsels a different result.

Dated:  May 17, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Nelson Richards*
NELSON R. RICHARDS
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

## CERTIFICATE OF SERVICE

Case Name:  **Doe, Jane, et al. v. Rob Bonta**   No.  **3:22-cv-00010-AJB-DEB**

I hereby certify that on May 17, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 44]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 17, 2022, at Sacramento, California.

Eileen A. Ennis
Declarant

*/s/ Eileen A. Ennis*
Signature

SA2022300119
36180395.docx