UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.<br><br>                    Plaintiffs,<br><br>vs.<br><br>ROB BONTA, in his capacity as Attorney General of the State of California, et al.<br><br>                    Defendants. | CASE NO. 22-cv-10-LAB (DEB)<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING** |

    Plaintiffs Jane Doe and John Doe Nos. 1 through 4 filed this action against Defendant Rob Bonta, in his capacity as Attorney General of the State of California, asking the Court to enjoin Defendant from enforcing California Assembly Bill 173. Plaintiffs contend, as relevant to this Order, that AB 173 infringes upon their right to keep and bear arms under the Second Amendment to the United States Constitution.

    Defendant has filed a motion to dismiss, and Plaintiffs have filed a motion for preliminary injunction (the "Motions"). Both Motions are currently pending and ask the Court to apply *District of Columbia v. Heller*, 554 U.S. 570 (2008), and Ninth Circuit precedent "employ[ing] a two-prong test to evaluate the constitutionality of firearm regulations which '(1) asks whether

the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny.'" (Pls.' Mot. for Preliminary Injunction, Dkt. 26, at 19 (quoting *United States v. Chovan*, 735 F.3d 1127, 1136 (2008)); *see also* Def.'s Mot. to Dismiss, Dkt. 36, at 19–20).

The Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022), states that it makes "the constitutional standard endorsed in *Heller* more explicit," *id.* at 23, and disapproves of the "two-step" approach that Courts of Appeals have employed in evaluating firearm regulations. *Id.* at 9–15. Because *Bruen* may affect the proper resolution of the Motions, the Court **ORDERS** the parties to brief the following questions:

1) What standard must the Court apply to Plaintiffs' Second Amendment claims after *Bruen*?

2) If *Bruen* alters the applicable standard, how should the Court apply that standard to the Motions insofar as they relate to Plaintiffs' Second Amendment claim?

Plaintiffs' brief and Defendant's brief both must be no longer than 20 pages and filed on or before **July 25, 2022**.

**IT IS SO ORDERED**.

Dated: June 23, 2022

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge