1   Michael B. Reynolds, Bar No. 174534
    mreynolds@swlaw.com
2   Colin R. Higgins, Bar No. 268364
    chiggins@swlaw.com
3   Cameron J. Schlagel, Bar No. 320732
    cschlgel@swlaw.com
4   SNELL & WILMER L.L.P.
    600 Anton Blvd, Suite 1400
5   Costa Mesa, California 92626-7689
    Telephone:  714.427.7000
6   Facsimile:   714.427.7799

7   Attorneys for Plaintiffs

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  JANE DOE, an individual; JOHN DOE       Case No. 3:22-cv-00010-LAB-DEB
    NO. 1, an individual; JOHN DOE NO.
13  2, an individual; JOHN DOE NO. 3, an
    individual; and JOHN DOE NO. 4, an
14  individual,                             **Plaintiffs':**

15            Plaintiffs,                    **(1) Notice of *Ex Parte* and *Ex Parte***
                                            **Application for Reconsideration of**
16       v.                                 **Order Denying Plaintiffs'**
                                            **Application for Temporary**
17  ROB BONTA, in his official capacity as  **Restraining Order,**
    Attorney General of the State of
18  California; and DOES 1-25, inclusive,   **or, in the Alternative,**

19            Defendants.                    **(2) Request to Reopen and**
                                            **Supplement Pending Motion for**
20                                          **Preliminary Injunction Based on**
                                            **Newly Discovered Evidence;**
21
                                            **Supporting Memorandum of Points**
22                                          **and Authorities; Declaration of**
                                            **Cameron J. Schlagel; Request for**
23                                          **Judicial Notice; and [Proposed]**
                                            **ORDER**
24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Jane Doe and John Does 1 through 4 (jointly, "Plaintiffs") will and hereby do move, on an *ex parte* basis, as soon as possible as it may be heard, (1) for reconsideration under Fed. R. Civ. P 60(b) of the Court's Order Denying Plaintiffs' Application for A Temporary Restraining Order [ECF No. 22] (the "Order") in order to preserve the status quo by enjoining the California Department of Justice ("Cal DOJ") and Attorney General Robert Bonta ("Defendant" or "Attorney General") from disseminating sensitive personal information collected under California Penal Code sections 11106 and 30352 publicly or to any third parties, or (2) in the alternative, to reopen and supplement the record in support of Plaintiffs' pending Motion for Preliminary Injunction [ECF No. 26] on the grounds of newly discovered evidence (the "Application").

This *Ex Parte* Application is based on this Notice of *Ex Parte* Application; the attached Memorandum of Points and Authorities in support thereof; the attached Declaration of Cameron J. Schlagel; the concurrently-filed Request for Judicial Notice; all papers and pleadings from this case on file with the Court; all other matters of which this Court may take judicial notice; any further evidence or argument offered to the Court at any hearing on this Application; and any other matters that the Court may consider.

This Application is made following counsel's provision of oral and written notice to Cal DOJ and Defendant Attorney General Robert Bonta in accordance with Civ. L.R. 83.3(g)(2).

Ex Parte Notice and Application for Reconsideration re Temporary Restraining Order

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Dated: June 30, 2022

Respectfully submitted,

SNELL & WILMER L.L.P.

By: _____

Michael B. Reynolds
Colin R. Higgins
Cameron J. Schlagel
Attorneys for Plaintiffs

(22cv00010)

Ex Parte Notice and Application for Reconsideration re Temporary Restraining Order

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................7

II. FACTS AND PROCEDURAL HISTORY ........................................8

    A.  Factual Allegations. ...............................................................8

    B.  Procedural History. ................................................................9

III. DEFENDANT'S FALSE ASSURANCES OF CONFIDENTIALITY ........11

    A.  Defendant Repeatedly Vowed that Plaintiffs' Personal Information Would Not be Disclosed Publicly ...................................11

    B.  Defendant's Release of Plaintiffs' Personal Information to the Public...............................................................16

IV. THE COURT SHOULD RECONSIDER ITS DENIAL OF PLAINTIFFS' TRO APPLICATION ..........................................19

    A.  Legal Standard. ....................................................................19

    B.  The Newly Discovered Evidence Warrants Reconsideration of Plaintiffs' First Application. ...................................20

    C.  The Court Has Discretion to Treat This Application as a Motion to Reopen and Supplement the Record in Support of Plaintiffs' Motion for Preliminary Injunction...................................22

V.  CONCLUSION ..............................................................................24

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Ex Parte Notice and Application for Reconsideration re Temporary Restraining Order

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Americans for Prosperity Foundation v. Bonta*,
141 S. Ct. 2373 (2021)...............................................................23, 24

*Briscoe v. Fred's Dollar Store, Inc.*,
24 F.3d 1026 (8th Cir. 1994) ..............................................................22

*Gibson v. Mayor & Council of City of Wilmington*,
355 F.3d 215 (3d Cir. 2004) ...............................................................22

*Kona Enters., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ..............................................................20

*Lussier v. Runyon*,
50 F.3d 1103 (1st Cir. 1995) ..............................................................22

*Navajo Nation v. Norris*,
331 F.3d 1041 (9th Cir. 2003) ............................................................20

*Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) ..............................................................20

*Rivera-Flores v. Puerto Rico Tel. Co.*,
64 F.3d 742 (1st Cir. 1995)................................................................23

*United States v. Alpine Land & Reservoir*,
*Co.*, 984 F.2d 1047 (9th Cir. 1993) .....................................................20

*United States v. Trant*,
924 F.3d 83 (3d Cir. 2019) .................................................................22

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
401 U.S. 321 (1971)...........................................................................22

## STATUTES

Cal. Pen. Code § 11106 .....................................................................8, 9
Cal. Pen. Code § 30352 .........................................................................8
Cal. Pen. Code § 30352(a)......................................................................9
Cal. Pen. Code § 30352(b)......................................................................9

## RULES

Civ. L.R. 7.1(i)(1)...............................................................................20
Fed. R. Civ. P. 60...............................................................................19
Fed. R. Civ. P. 60(b)(2).......................................................................20
Fed. R. Civ. P. 60(b)(6).......................................................................20

Ex Parte Notice and Application for Reconsideration re Temporary Restraining Order

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

## REGULATIONS

11 Cal. Code Regs. § 4200 ...........................................................................9
11 Cal. Code Regs. § 4281(d)........................................................................9

## OTHER AUTHORITIES

AB 173 ...................................................................................8, 11, 17, 22, 24

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Ex Parte Notice and Application for Reconsideration re Temporary Restraining Order

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## <u>INTRODUCTION</u>

In earlier proceedings, Defendant assured the Court that Plaintiffs' personal information—and that of millions of similarly situated Californians—is not subject to public disclosure and certainly would not be disclosed publicly before the Court rules on Plaintiffs' Motion for Preliminary Injunction.  Indeed, Defendant has consistently argued that Plaintiffs' concerns about public disclosure are unfounded.  Yet, on Monday, June 27, 2022, Cal DOJ did what it previously claimed was "speculative":  it published, on its Open Justice Platform, the personal identifying information of *every single* Californian who, in at least the past decade, applied for, obtained, or renewed a license to carry a concealed weapon.  This amounts to hundreds of thousands of Californians, including thousands of judges, law enforcement and corrections officers and other individuals subject to a heightened risk of targeting.

Plaintiffs' worst fears have been confirmed.  Defendant's unprecedented invasion of privacy of millions of Californians who purchased firearms and ammunition, or who are licensed to carry a concealed weapon, has caused irreparable harm to thousands of Californians.  In view of this new evidence, the TRO Application should be granted because, as Defendant's actions show, the status quo will not be maintained in the absence of an injunction.

Defendant's release of confidential personal identifying information comes on the heels of the Supreme Court's landmark decision in *New York State Pistol & Rifle Association v. Bruen*, on which this Court ordered supplemental briefing, and only a couple of days after Defendant's counsel substituted out of this case.  It strains credulity to suggest that this timing is a coincidence.  Indeed, it appears this may be an effort by Cal DOJ to chill the exercise of fundamental Second

SNELL & WILMER

L.L.P.

LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Amendment rights before *Bruen* can be given its full effect by the lower courts, i.e., applied in post-*Bruen* challenges.

The newly obtained evidence of Cal DOJ's contempt for the privacy of millions of Californians goes directly to the merits of Plaintiffs' claims and further substantiates the irreparable harm that Plaintiffs have suffered and will continue to suffer.  Defendant should be held accountable for this unprecedented release of personal information, particularly in view of his prior representations in this case.

Plaintiffs urge the Court to reconsider its Order and enter a temporary restraining order enjoining enforcement of the AB 173 Amendments and prohibiting Defendant and Cal DOJ from further disseminating sensitive personal information collected under California Penal Code sections 11106 and 30352 publicly or to any third parties.  Alternatively, Plaintiffs respectfully request that the Court treat this Application as a motion to reopen and supplement the record in support of Plaintiffs' pending Motion for Preliminary Injunction.

## II.
## FACTS AND PROCEDURAL HISTORY

**A.    Factual Allegations.[1]**

Defendant is charged with enforcing California's comprehensive scheme of statutes and regulations governing the sale and possession of firearms and ammunition.  Cal DOJ maintains the information from Carry Licenses and applications, as well as firearm sales, in a registry called the "Automated Firearms

---

[1] The parties have extensively briefed the facts of this case in their prior filings. Accordingly, to avoid burdensome repetition, Plaintiffs provide only a summary of those facts here but, in doing so, Plaintiffs incorporate by reference the facts set forth in Plaintiffs' operative First Amended Complaint [ECF No. 28]; Application for Temporary Restraining Order [ECF No. 9]; Motion for Preliminary Injunction [ECF No. 26]; and Opposition to Motion to Dismiss First Amended Complaint [ECF No. 38].

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

System" (the "AFS").[2]  Ammunition purchaser information is maintained in the Cal DOJ's "Ammunition Purchase Records File" database (the "APRF"; jointly with the AFS, the "Databases").[3]

Through this action, Plaintiffs challenge the constitutionality of the AB 173 Amendments, which authorize Defendant to disclose Plaintiffs' Personal Information[4]—including name, address, place of birth, phone number, occupation, sex, California driver's license or ID number—to third parties outside of government for non-law enforcement purposes.  Plaintiffs contend that the disclosure of their Personal Information, which they provided to the government as a condition of exercising their right to purchase firearms and ammunition, or obtain a Carry License, violates their Fourteenth Amendment right to informational privacy, chills their Second Amendment activity, and directly violates their Second Amendment rights, among other claims.

**B.    Procedural History.**

Plaintiffs commenced this action on January 5, 2022,[5] and filed their *Ex Parte* Application for a Temporary Restraining Order on January 10, 2022.[6]  In their First Application, in addition to arguing they have a high likelihood of success on the merits of their claims, Plaintiffs argued that the public release of their Personal Information threatens their personal privacy and physical security,[7] and that once Defendant discloses that Personal Information to third parties, Plaintiffs'

---

[2] The AFS is a "repository of firearm records maintained by the [Cal DOJ], as established by Penal Code section 11106." 11 Code Regs. § 4281(d).

[3] Penal Code § 30352(b); *see also* 11 Code Regs. §§ 4200, *et seq*.

[4] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in Plaintiffs' Motion for Preliminary Injunction.

[5] Pls.' Compl. [ECF No. 1].

[6] Pls.' Appl. for Temporary Restraining Order [ECF No. 9] (the "TRO Application").

[7] TRO Application at 15:19–16:6.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

will have suffered a constitutional injury.[8]  Defendant opposed the TRO Application on January 14, 2022,[9] the Court held a hearing on January 19, 2022,[10] and issued its Order denying the TRO Application on January 20, 2022.[11]

Plaintiffs subsequently filed their Motion for Preliminary Injunction on February 8, 2022, which Defendant opposed.[12]  Plaintiffs filed their First Amended Complaint (the "Amended Complaint") on February 18, 2022.[13]  Defendant filed his Motion to Dismiss the Amended Complaint on March 4, 2022, which Plaintiffs opposed.[14]  The Court held a hearing on those motions on April 5, 2022, and took the motions under submission.[15]

The Supreme Court issued its decision in *Bruen* on June 23, 2022, and the Court entered its Order Directing Supplemental Briefing regarding *Bruen* that same day.[16]  The next day, on June 24, 2022, Defendant filed a Notice of Change of Counsel, stating that Deputy Attorney General Nelson Richards is no longer representing Defendant, though Defendant did not state the reason for the substitution.[17]  Three days later, on June 27, 2022, Cal DOJ released the personal identifying information of hundreds of thousands, if not millions, of Californians on its Open Justice Platform.

---

[8] *Id.* at 16:10–13.
[9] Def.'s Opp'n to First Application [ECF No. 19] (the "Opposition").
[10] Minute Order [ECF No. 21].
[11] Order [ECF No. 22].
[12] *See* Pls.' Mot. for Prelim. Inj. [ECF No. 26]; Def.'s Opp'n to Mot. for Prelim. Inj. [ECF No. 29]; Pls.' Reply in Support of Prelim. Inj. [ECF No. 32].
[13] Pls.' First Am. Compl. [ECF No. 28].
[14] *See* Def.'s Mot. to Dismiss First Am. Compl. [ECF No. 36]; Pls.' Opp'n to Mot. to Dismiss [ECF No. 38]; Def.'s Reply in Support of Mot. to Dismiss [ECF No. 39].
[15] Minute Order [ECF No. 42].
[16] Order Directing Suppl. Briefing [ECF No. 47].
[17] Notice of Change of Counsel for Defendant [ECF No. 48].

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# III.

## DEFENDANT'S FALSE ASSURANCES OF CONFIDENTIALITY

**A.** **Defendant Repeatedly Vowed that Plaintiffs' Personal Information Would Not be Disclosed Publicly.**

From the beginning of this case, Defendant has assured the Court that the law prohibits public disclosure of Plaintiffs' Personal Information and that neither Cal DOJ nor any other party planned any further release of Plaintiffs' Personal Information beyond that which was already provided to researchers at UC Davis and Stanford.

In his Opposition to the TRO Application, Defendant argued that Plaintiffs' concerns were unfounded because public disclosure is prohibited under AB 173 and Cal DOJ has "strict security measures in place" to prevent such disclosure.[18]  The list below is a representative sample of Defendant's statements:

- Cal DOJ has "instituted three steps to ensure that personal identifying information is not publicly disclosed"[19]

- "[N]othing in AB 173 authorizes Plaintiffs' information to be shared with the public or otherwise placed in the public domain"[20]

- Cal DOJ has "robust policies and procedures in place to ensure that personally identifying information is not disclosed to the public"[21]

- Attacking Plaintiffs' credibility and arguing they failed to show that public disclosure is "probable, let alone likely or imminent"[22]

---

[18] Opposition at 1:14–24.  Plaintiffs note the contradiction that inheres in Defendant's argument that information related to Carry Licenses *is* subject to public disclosure under California's Public Records Act (an assertion Plaintiffs contest). *See, e.g.*, Pls.' Mot. for Prelim. Inj. [ECF No. 26] at 12:5–7 n.3, 22:9–11 n. 40, & 34:22–35:1; Pls.' Reply in Support of Prelim. Inj. [ECF No. 32] at 4:1–5:22; Pls.' Opp'n to Mot. to Dismiss [ECF No. 38] at 13:9–14:2.
[19] *Id.* at 4:6–7.
[20] *Id.* at 8:25–27.
[21] *Id.* at 9:2–4.
[22] *Id.* at 9:9–10.

- 11 -

(22cv00010)

Defendant's counsel doubled down on those statements at the hearing on the TRO Application and assured the Court that public disclosure was virtually impossible, and, moreover, that Cal DOJ did not intend to make any public disclosures before the Court adjudicates Plaintiffs' Motion for Preliminary Injunction:

- "There's very little chance that this information is going to be publicly disclosed . . . ."[23]

- In regard to whether the "statute forbids the dissemination publicly of information such as a person's name, address, telephone number," Defendant responded "Yes, Your Honor.  That is correct. . . .  The statute prohibits by its terms, and then the Department takes additional steps to prevent that [public disclosure] from happening . . . ."[24]

Based on those and similar statements the Court denied Plaintiffs' First Application, stating, in relevant part, as follows:

> I'm further assured in the belief that this isn't an emergency by the representations of the Deputy Attorney General, Mr. Richards, who says, "Look. This statute -- the intention of this statute, this information is not to be disseminated to the public."  And while there may not be regulations in place at this point that strictly prohibit that -- that is, the dissemination of name, address, telephone number -- publicly as opposed to researchers, *everyone is operating under that assumption*. With respect to step three of the procedures set forth for enabling the statute, which calls for a ten-day review, he assures me that *Department of Justice*

---

[23] Excerpts of Reporter's Transcript of Proceedings (Jan. 19, 2022) (the "TRO Transcript"), attached to the Decl. of Cameron J. Schlagel (the "Schlagel Decl.") as **Exhibit A**, at 34:23–25.

[24] *Id.* at 61:10–25; *see also id.* at 63:13–23.

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

***would not permit something to be disseminated publicly***
that includes the very information that Plaintiffs are
concerned about.[25]

Likewise, in its Order denying Plaintiffs' TRO Application, the Court explained that its finding that Plaintiffs failed to demonstrate emergency circumstances was based primarily on Defendant's representations that "recipients are barred from public dissemination of personal information[.]"[26]

Defendant continued to make similar representations and arguments in his Motion to Dismiss and Opposition to Plaintiffs' Motion for Preliminary Injunction:

- "The harms Plaintiffs fear are based almost entirely on the risk that their information may become public. But AB 173 prohibits public disclosure of their information, and the Department takes steps, including requiring data recipients comply with FBI protocols, to keep the information private."[27]

- "The Department ensures that personal identifying information in data provided to researchers is not publicly disclosed in three general steps[,]" and proceeding to describe those steps—all of which Defendant claims are directed at preventing ***public disclosure***.[28]

- "[T]he law forbids public disclosure of [Jane Doe's] identifying information."[29]

- "Plaintiffs also rely on the specter of an inadvertent public disclosure to advance their claim.  But the law prohibits disclosure of identifying information.  Cal. Penal Code § 11106(d), 30352(b)(2).  And both the

---

[25] *Id.* at 74:7–20 (emphasis added).

[26] Order [ECF No. 22] at 4:2–7.

[27] Def.'s Opposition to Mot. for Prelim. Inj. [ECF No. 29] at 2:11–14.

[28] *Id.* at 7:16–8:22.

[29] *Id.* at 12:22–24.

- 13 -

SNELL & WILMER

L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Department and researchers go to considerable lengths to protect people's identities."[30]

- In relation to Plaintiffs' chilling effects analysis, Defendant argued that Plaintiffs' reliance on cases involving "public disclosure" of information was misplaced, because "the law here does not permit public disclosure" and Cal DOJ has "various safeguards in place to prevent public disclosure."[31]

- Arguing that Plaintiffs' fears of public disclosure have "no evidentiary support" and that "the Attorney General's evidence shows Plaintiffs' fears to be purely speculative—in over 30 years of data being provided to researchers, there has never been a *data breach, let alone a public disclosure.*"[32]

- "AB 173 prohibits public disclosure of personal identifying information" and "Plaintiffs allege no facts that would support *any reasonable concern about public disclosure*."[33]

- "AB 173 does not direct public disclosure of Plaintiffs' information.  It prohibits such disclosures."[34]

Finally, Defendant's counsel continued to make the same representations at the hearing on the Motion for Preliminary Injunction and Motion to dismiss:

- Defendant's counsel engaged in the following colloquy with the Court:

    [Mr. Richards]:  We [Cal DOJ] acknowledge that the information is confidential.  AB 173, I think, is quite clear that the information cannot be shared publicly.  [¶]  It's our

---

[30] *Id.* at 20:9–12.

[31] *Id.* at 21:28–22:7.

[32] *Id.* at 24:4–9 (emphasis added).

[33] Def.'s Mot. to Dismiss Pls.' First Am. Compl. [ECF No. 36] at 1:27–2:1.

[34] *Id.* at 17:24–25.  So according to Defendant's own reading of AB 173, Defendant is now in violation of the law.

- 14 -

[Cal DOJ's] position that, if there is a disclosure, that those whose information is disclosed would have various remedies including – there might be criminal implications for someone who disclosed the information knowingly. There is [sic] civil remedies under various state laws. . . .

[The Court]:  On the issue of remedies, and putting aside criminal remedies, you've cited at page 19 of your brief Civil Code sections 1719.45, 1798.53.  [¶]  My understanding is the showing that has to be made is different under those statutes depending on whether the privacy violation is caused by the state or by an individual.  [¶]  Is that your understanding of the distinction between those two statutes?

[Mr. Richards]:  That is correct, your honor.  I believe one of those statutes pertains to disclosures or breaches by entities and other by private entities.

[The Court]:  And the standard of proof is lower.  If it's an agency, it's just negligence.  Individual, it has to be, what, intentional?

[Mr. Richards]:  I believe that's the case, your honor.  I'd have to double-check the statute. . . .[35]

- Mr. Richards:  "[T]here's a statutory prohibition on statutory disclosure of people's identifying information within the statutes.  13 – excuse me – 14231, subdivision (c), (11); 106, subdivision (b); and 30352, subdivision (b), these all have prescriptions or prohibitions on public disclosure of information.  [¶]  Layered onto those are the steps

---

[35] Excerpts of Reporter's Trans. of Hearing (Apr. 5, 2022) (the "Prelim. Inj. Trans."), attached to the Schlagel Decl. as **Exhibit B**, at 20:17–21:18.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    that the department takes to ensure that that information is not

2    publically [sic] disclosed . . . ."[36]

3    •    The Court:  "I asked Mr. Richards, do you stand by the representations

4    you made on behalf of the state at the first hearing, which included we

5    will not allow such information to go to the public?  That's where this,

6    you know, vetting of any proposed dissemination of information

7    comes in.  [¶]  And he has warranted that the state will not allow

8    addresses of gun owners, for example."[37]

9        Taken together, Defendant's repeated representations establish at least three

10   salient points:  (1) from the very beginning, the core concern in this case has been

11   public disclosure of Plaintiffs' Personal Information—regardless of the party

12   making that disclosure, because it would make no sense to say, on the one hand,

13   that third-party researchers are prohibited from disclosing the information publicly

14   while, on the other hand, Cal DOJ is not; (2) the law prohibits public disclosure of

15   Plaintiffs' Personal Information; and (3) Cal DOJ would not make any further

16   disclosures—to third-party researchers or to the general public—before a decision

17   on Plaintiffs' Motion for Preliminary Injunction.  Little did Plaintiffs realize that

18   the danger of widespread public disclosure of their Personal Information was not

19   just from careless or politically motivated public policy researchers, but from the

20   very law enforcement agency they relied upon in the first place.

21

22   **B.    Defendant's Release of Plaintiffs' Personal Information to the Public.**

23        As it turns out, Defendant's representations were untrue.  On June 27, 2022,

24   Defendant announced "new and updated firearms data available through the

25   California Department of Justice (DOJ)'s 2022 Firearms Dashboard Portal," which

26

27   _____

     [36] *Id.* at 39:24–40:9.

28   [37] *Id.* at 53:18–24.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

"is accessible through DOJ's OpenJustice Data Platform."[38]  According to the announcement, the Dashboard "will improve transparency and information sharing for firearms-related data and includes broad enhancements to the platform to help the public access data on firearms in California, including information about the issuance of Concealed Carry Weapons (CCW) permits and Gun Violence Restraining Orders (GVROs)."[39]  Ironically, Defendant explained that through the Dashboard Cal DOJ "seeks to balance its duties to provide gun violence and firearms data to support research efforts *while protecting the personal identifying information* in the data the Department collects and maintains."[40]

Moreover, Defendant explicitly linked the dashboard launch with the AB 173 Amendments:

> The release of the expanded data and information continues Attorney General Bonta's commitment to make the data more accessible to the public. In April 2021, Attorney General Bonta announced that his office would begin sharing additional data with gun violence researchers to help better inform policy choices within California.[41]

Based on the detailed user interface of Cal DOJ's revamped Open Justice Platform that was launched on Monday, June 27, 2022, it appears that Cal DOJ has had this project in the works for months.  Defendant's record of representing that Plaintiffs' Personal Information would not be disclosed publicly thus merits renewed scrutiny.

---

[38] State of California Department of Justice, *Attorney General Bonta Releases New Firearms Data to Increase Transparency and Information Sharing*, https://oag.ca.gov/news/press-releases/attorney-general-bonta-releases-new-firearms-data-increase-transparency-and, attached to Plaintiffs' Req. for Judicial Notice ("RJN") as **Ex. 1**.
[39] *Id.*
[40] *Id.* (Emphasis added.)
[41] *Id.*

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Yet, as reported by numerous news outlets and subsequently confirmed by Defendant, for an unknown period after the Dashboard was launched, public users had access to the names, addresses and license types of *all* concealed carry permit holders in California, as well as all those who have applied for, obtained or renewed a concealed carry permit within at least the past decade.[42]

At this time, the full scope of the release is not known, but Defendant's office admitted in a statement that Cal DOJ is "investigating an exposure of individuals' personal information connected to the DOJ Firearms Dashboard."[43]  At least one outlet claiming to have access to the released data associated with Los Angeles County *alone* found "244 judge permits listed in the database," including their "home addresses, full names, and dates of birth . . . ."[44]

---

[42] *See, e.g.*, Stephen Gutowski, *Massive Trove of Gun Owners' Private Information Leaked by California Attorney General*, THE RELOAD (Jun. 28, 2022), https://thereload.com/new-california-ag-website-leaks-massive-trove-of-gun-owner-private-information/; Tom Joyce, *California Leaks Personal Information of Legal Gun Owners*, KPVI (Jun. 28, 2022), https://www.kpvi.com/news/national_news/california-leaks-personal-information-of-legal-gun-owners/article_bd6c1b99-858f-525d-9bba-0ea2a415a168.html; Gregory Yee, *Data Breach Exposes Private Info of All California Concealed-Carry Permit Holders*, LOS ANGELES TIMES (Jun. 28, 2022), https://www.yahoo.com/news/data-breach-exposes-private-california-050358120.html; Kurt Chirbas and Chantal Da Silva, *California DOJ Data Breach Exposes Personal Information of All Concealed Carry Permit Holders Across State*, NBC NEWS (Jun. 29, 2022), https://www.nbcnews.com/news/us-news/california-doj-data-breach-exposes-personal-information-concealed-carr-rcna35849.

[43] State of California Department of Justice, *California Department of Justice Alerts Individuals Impacted by Exposure of Personal Information from 2022 Firearms Dashboard*, https://oag.ca.gov/news/press-releases/california-department-justice-alerts-individuals-impacted-exposure-personal?print=true, attached to RJN as **Ex. 2**; Yee, *supra*, note 42.

[44] Gutowski, *supra*, note 42.  With regard to the safety of judges, *see* Jordan Boyd, *Left-Wing Group That Doxxed SCOTUS Justices' Home Addresses Downplays Death Threat Against Kavanaugh*, THE FEDERALIST (Jun. 8, 2022),

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626/2689

Though referred to as a "data breach" in some reports—suggesting that a third-party improperly accessed Cal DOJ's databases—the available public reporting and Defendant's office's statement shows that the compromised Personal Information was posted directly to Cal DOJ's OpenJustice Data Platform, meaning that Cal DOJ intentionally or negligently released a flood of information.

Regardless of Cal DOJ's intent, the fact of this release and the enormity of its apparent scope underscore Plaintiffs' arguments and demonstrate the need for an immediate injunction against further disclosure of Personal Information by Cal DOJ to any third parties or the public.[45]

## IV.
## THE COURT SHOULD RECONSIDER ITS DENIAL
## OF PLAINTIFFS' TRO APPLICATION

**A.   Legal Standard.**

Rule 60 of the Federal Rules of Civil Procedure provides that, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other reasons, "newly discovered

---

https://thefederalist.com/2022/06/08/left-wing-group-that-doxxed-scotus-justices-home-addresses-downplays-death-threat-against-kavanaugh/; Ed O'Keefe, *Supreme Court Justices Get Increased Security After Roe v. Wade Leak: "The Risk is Real"*, CBS News (May 6, 2022), https://www.cbsnews.com/news/supreme-court-justices-security-roe-v-wade-abortion/.

[45] As recent news confirms, politically motivated violence is becoming increasingly common. *See, e.g.*, Boyd, *supra*, note 44; O'Keefe, *supra*, note 44; Selim Algar, *Portland Pregnancy Center "Mistakenly" Attacked by Pro-Abortion-Rights Militants*, NEW YORK POST (Jun. 27, 2022), https://nypost.com/2022/06/27/portland-pregnancy-center-mistakenly-attacked-by-pro-abortion-rights-militants/; Caroline Downey, *Pro-Abortion Extremists Set Colorado Pregnancy Center On Fire Following Roe Reversal*, NATIONAL REVIEW (Jun. 26, 2022), https://www.nationalreview.com/news/pro-abortion-extremists-set-colorado-pregnancy-center-on-fire-following-roe-reversal/. Defendant's release of names and addresses of law-abiding Californians who may literally be in the crosshairs is unconscionable.

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  Furthermore, in the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  Civ. L.R. 7.1(i)(1).  The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  *Id*.

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent injustice.  The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).  A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

**B.**     **The Newly Discovered Evidence Warrants Reconsideration of Plaintiffs' First Application.**

The newly discovered evidence of Defendant's public disclosure of Plaintiffs' Personal Information, coupled with Defendant's past representations to the Court that no such disclosure would occur, warrants reconsideration of the Court's Order denying Plaintiffs' TRO Application.  Plaintiffs will not re-litigate their arguments on the merits here.  Suffice it to say that public disclosure and the

attendant risks to Plaintiffs' privacy and physical security are at the heart of Plaintiffs' claims in this case.

But as relevant to the instant Motion, it merits emphasis that Plaintiffs submitted evidence in support of their TRO Application that the public release of their Personal Information threatens their personal privacy and physical security,[46] and that once Defendant discloses that Personal Information to third parties, Plaintiffs will have suffered a constitutional injury for which they have no legal remedy. At that time, the Court determined that Plaintiffs had not shown a sufficient likelihood of irreparable harm, based in substantial part on Defendant's repeated, emphatic warranties that public disclosure is prohibited and would therefore not occur.

Now, however, the newly discovered evidence, which Plaintiffs have promptly and diligently brought to the Court's attention, shows not only that there is a risk of public disclosure, but that such public disclosure occurred despite Defendant's representations to the contrary. Plaintiffs thus have suffered irreparable harm warranting an injunction. Moreover, Defendant's conduct shows that, in the absence of an injunction, there is nothing to stop Defendant from once again disclosing Plaintiffs' Personal Information to the public or third parties.

Pursuant to the Court's Order Directing Supplemental Briefing, the parties have until July 25, 2022, to submit their supplemental briefs on the Supreme Court's *Bruen* decision. Understandably, it may take some time after briefing is complete for the Court to issue its ruling on the Motion for Preliminary Injunction. Under those circumstances, and in view of Defendant's egregious misconduct, the Court can no longer take Defendant at his word. He is apt to further disrupt the status quo if not temporarily restrained from doing so.

Accordingly, Plaintiffs respectfully request that the Court reconsider its Order denying Plaintiffs' TRO Application and immediately enjoin implementation

---

[46] TRO Application at 15:19–16:6.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   of the AB 173 Amendments and any further public disclosure of Personal

2   Information by Cal DOJ, or those acting in concert with it, to third parties or the

3   public.

4

5   **C.      The Court Has Discretion to Treat This Application as a Motion to**

6   **Reopen and Supplement the Record in Support of Plaintiffs' Motion for**

7   **Preliminary Injunction.**

8           District courts have broad discretion to reopen the record to take new

9   evidence, which may occur on the motion of a party or *sua sponte*. *Zenith Radio*

10  *Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971); *see also United States*

11  *v. Trant*, 924 F.3d 83, 88 (3d Cir. 2019) (explaining in the criminal context that

12  district courts have virtually "unconstrained...case-management discretion" to

13  reopen the record in the "fluid" context of a trial, and that "courts should not be

14  distracted at trial by a suggestion that reopening is disfavored"); *Lussier v. Runyon*,

15  50 F.3d 1103, 1113 (1st Cir. 1995) ("Typically, a district court's decision to reopen

16  the record for the purpose of receiving additional evidence engenders an exercise of

17  the court's discretion, reviewable for abuse of discretion. This rule pertains even

18  when the district court opts to reopen the record on its own initiative." (citations

19  omitted)); *Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d 1026, 1028 (8th Cir. 1994)

20  (affirming district court's decision to reopen record and noting that the court had in

21  the past affirmed reopening "after the close of all evidence and the commencement

22  of closing arguments").  "Great flexibility is accorded the District Court in its

23  determination to supplement the record, though it must avoid perpetrating any type

24  of injustice in so doing." *Gibson v. Mayor & Council of City of Wilmington*, 355

25  F.3d 215, 229 (3d Cir. 2004).

26          Trial court rulings on motions to reopen civil cases to permit additional

27  evidence are reviewed for abuse of discretion. *See Zenith Radio Corp.*, 401 U.S. at

28  331.  "While the particular criteria that guide a trial court's decision to reopen are

SNELL & WILMER

LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

necessarily flexible and case-specific, it is generally understood that a trial court abuses its discretion if its refusal to reopen works an 'injustice' in the particular circumstances." *Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 746 (1st Cir. 1995). Among other factors that should be assessed are whether: "(1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening will cause no undue prejudice to the nonmoving party." *Id.*

For the reasons explained in the preceding sections, the newly discovered evidence directly supports Plaintiffs' Motion for Preliminary Injunction and the arguments made therein. For example, the Supreme Court in *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021), explained the relevance and value of such evidence as follows:

> The District Court also found that California was unable to ensure the confidentiality of donors' information. During the course of litigation, the Foundation identified nearly 2,000 confidential Schedule Bs that had been inadvertently posted to the Attorney General's website, including dozens that were found the day before trial. One of the Foundation's expert witnesses also discovered that he was able to access hundreds of thousands of confidential documents on the website simply by changing a digit in the URL. The court found after trial that "the amount of careless mistakes made by the Attorney General's Registry is shocking." 182 F.Supp.3d at 1057. And although California subsequently codified a policy prohibiting disclosure, Cal. Code Regs., tit. 11, § 310(b)—an effort the District Court described as "commendable"—the court determined that "[d]onors and potential donors would be

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER

L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    reasonably justified in a fear of disclosure given such a

2    context" of past breaches. 2016 WL 6781090, *5.

3  *Americans for Prosperity Found.*, 141 S. Ct. at 2381.

4        Likewise, here, the newly discovered evidence confirms that Plaintiffs'

5  concerns for their privacy and physical security are well-founded.  Furthermore,

6  Plaintiffs have promptly brought this new evidence to the Court's attention and

7  Defendant cannot claim any prejudice because Defendant and Cal DOJ themselves

8  upended the status quo by releasing this Personal Information.  Under these

9  circumstances, the Court would be acting well within its discretion to re-open the

10  record and accept the evidence submitted herewith as support for Plaintiff's Motion

11  for Preliminary Injunction.

12

13                                 **V.**

14                           **CONCLUSION**

15        For the foregoing reasons, Plaintiffs respectfully request that the Court

16  reconsider its Order denying Plaintiffs' TRO Application and issue a temporary

17  restraining order enjoining enforcement of the AB 173 Amendments and

18  prohibiting any further public disclosure of Personal Information by Cal DOJ, or

19  those acting in concert with it, to third parties or the public until a decision on a

20  preliminary injunction.  In the alternative, Plaintiffs respectfully request that the

21  Court treat this Application as a motion to reopen and supplement the record in

22  support of Plaintiffs' pending Motion for Preliminary Injunction.  Finally, Plaintiffs

23  request such other and further relief as the Court deems just and proper.

24

25

26

27

28

Ex Parte Notice and Application for Temporary Restraining Order

1

Dated: June 30, 2022                          SNELL & WILMER LLP

2

By:

3                                             Michael B. Reynolds

4                                             Colin R. Higgins
                                              Cameron J. Schlagel
5   4869-9283-0758.5                          Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex Parte Notice and Application for Temporary Restraining Order