ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
RYAN R. DAVIS
Deputy Attorney General
State Bar No. 266330
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6050
 Fax: (916) 324-8835
 E-mail: Ryan.Davis@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANE DOE, et al.,**<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>　　　　　　　　　Defendants. | 3:22-cv-00010-LAB-DEB<br><br>**DECLARATION OF NELSON RICHARDS IN SUPPORT OF DEFENDANT'S OPPOSITION TO (1) PLAINTIFFS' APPLICATION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER AND (2) PLAINTIFFS' REQUEST TO REOPEN AND SUPPLEMENT PENDING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Larry A. Burns<br>Courtroom: 4A<br>Action Filed: 1/5/2022 |

I, Nelson Richards, declare:

1. I make this declaration in support of the Attorney General's Opposition to (1) Plaintiffs' Application for Reconsideration of Order Denying Temporary Restraining Order and (2) Plaintiffs' Request to Reopen and Supplement Pending Motion for Preliminary Injunction. What follows reflects my own personal knowledge and experience and, if called as a witness, I could and would testify competently to the truth of the matters set forth here.

2. I served as a Deputy Attorney General with the California Department of Justice (DOJ) for nine years, from July 2013 until July 2022. As a Deputy Attorney General, I was previously assigned to represent Attorney General Rob Bonta as a defendant in this case.

3. On July 5, 2022, I started a new position as an attorney with the California Privacy Protection Agency (CPPA). The application process and my decision to take a position with the CPPA stretched over six months. I initially applied to the agency on November 5, 2021, well before this case was filed. The position I originally applied for was not filled, and I reapplied to a new posting on April 1, 2022. I received an offer of employment on May 25, 2022, which I tentatively accepted that day and formally accepted on June 1, 2022.

4. My plans to leave DOJ have been a matter of public record since roughly that time. I represented the Attorney General in the state court action challenging AB 173: *Brandeis v. Bonta*, San Diego Superior Court Case Number 37-2022-00003676. At a May 27, 2022 status conference in that case, I informed the court, in open court, of my intention to leave the DOJ and join the CPPA. I discussed the matter with opposing counsel, Stephen Duvernay, before the status conference.

5. My last day in the office for DOJ was June 24, 2022, the same day the Notice of Change of Counsel for Defendant Attorney General Rob Bonta was filed in this case.

1

Nelson Richards Decl. ISO Def.'s Opp'n to Appl. (3:22-cv-00010-LAB-DEB)

6. I am familiar with Plaintiffs' counsel's false intimation that I stopped representing the Attorney General as the result of an exposure of data on June 27. *See* ECF No. 50 at 2 ("Plaintiffs request the Court consider and take notice of the timing and sequence of Defendants' Notice [of change in counsel]."); ECF No. 49 at 7 (June 27 incident occurred "only a couple of days after Defendant's counsel substituted out of this case. It strains credulity to suggest that this timing was a coincidence.").

7. Counsel for Plaintiffs did not contact me—and, as far as I know, made no attempt to contact me—before filing these documents.

8. My plans to leave DOJ had absolutely nothing to with the June 27 incident, or this case, or any case to which I was assigned. As stated above, I had been in the application process with CPPA for over six months (starting before this lawsuit was filed) and formally accepted an offer to joint CPPA on June 1, 2022. I had no knowledge of or involvement with the June 27 incident. I first learned of it by reading about it in the newspaper.

//
//

2

Nelson Richards Decl. ISO Def.'s Opp'n to Appl. (3:22-cv-00010-LAB-DEB)

9. I am also familiar with Plaintiffs' counsel's accusation that I misled the Court by arguing that it was very unlikely that DOJ information shared with gun-violence researchers would be wrongfully disclosed to the public. *See* ECF No. 49 at 11-15. My arguments to the Court were correct when I made them, and they remain correct today. DOJ's public-facing OpenJustice platform is distinct from DOJ's process for sharing information with researchers under AB 173. I am unaware of any information shared with researchers under AB 173 ever being publicly disclosed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 13, 2022

_____
NELSON RICHARDS

3

Nelson Richards Decl. ISO Def.'s Opp'n to Appl. (3:22-cv-00010-LAB-DEB)