Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlgel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000
Facsimile:   714.427.7799

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; JOHN DOE NO. 1, an individual; JOHN DOE NO. 2, an individual; JOHN DOE NO. 3, an individual; and JOHN DOE NO. 4, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,<br><br>            Defendants. | Case No. 3:22-cv-00010-LAB-DEB<br><br>**Supplemental Request for Judicial Notice in Support of Plaintiffs' Motion for Preliminary Injunction and Opposition to Defendant's Motion to Dismiss; Declaration of Cameron J. Schlagel** |

*SNELL & WILMER*
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## REQUEST FOR JUDICIAL NOTICE

In accordance with Rule 201(c)(2) of the Federal Rules of Evidence, Plaintiffs Jane Doe, John Doe No.1, John Doe No. 2, John Doe No. 3, and John Doe No. 4 (jointly, "Plaintiffs"), respectfully request this Court take judicial notice of the documents attached to the accompanying declaration of counsel (jointly, the "Supplemental Evidence"), which Plaintiffs submit in support of their Motion for Preliminary Injunction and their Opposition to Defendant's Motion to Dismiss (the "Motions") [ECF Nos. 26 and 38].

**A.     The Supplemental Evidence Shows Cal DOJ's Data Security is Deficient.**

Judicial notice of the Supplemental Evidence is appropriate because it consists of public records and government documents available on Cal DOJ's website. Moreover, the Supplemental Evidence is highly relevant to the issues and arguments raised in the Motions. Specifically, the evidence details deficiencies in Cal DOJ's data security policies and procedures that led to a significant data leak on June 27, 2022, in which Cal DOJ publicly disclosed confidential personal identifying information of 192,000 Californians stored in Cal DOJ's Automated Firearm System. (*See also* Pls.' Mot. to Supplement [ECF No. 49].)

In a press release on November 30, 2022, Cal DOJ explained that an independent investigation of the data leak found that this "improper exposure" was "due to a number of deficiencies within DOJ including lack of training, expertise, and professional rigor; insufficient documentation, policies, and procedures; and inadequate oversight." (Decl. of Cameron J. Schlagel (the "Schlagel Decl."), Ex. 1.) That finding stands in stark contrast to Cal DOJ's repeated and unequivocal assertions in this case regarding Cal DOJ's data security policies and procedures. Cal DOJ has claimed, for example, that it has "robust policies and procedures in place to ensure that personally identifying information is not disclosed to the public." (ECF No. 49 at 11:18–19; *see also id.* at 13:15–14:2, 15:22–16:8 (quoting

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Cal DOJ's briefing and statements at hearing on the Motions).) The investigative report attached hereto as Exhibit 2 (the "Report") lays bare the inadequacies of Cal DOJ's data security policies and procedures.  In doing so, the Report's findings severely discredit Cal DOJ's arguments in this case; specifically, Cal DOJ's assertions that its data security policies and procedures are sufficient not only to keep data secure within Cal DOJ, but also to ensure sufficient security oversight of the third-party researchers that AB 173 authorizes to access Plaintiffs' confidential personal information.

For example, before the data leak, the Chief of Cal DOJ's California Justice Information Services Division ("CJIS") had assured the California Deputy Attorney General ("CDAG") that "confidential personal information could not be accessed by the public," but the CJIS Chief "never informed the CDAG that confidential personal data had been ***unnecessarily included*** in the underlying dataset" from Cal DOJ's firearms-related databases. (Report at 9 (emphasis added).) The investigation additionally found that there was "inconsistent and minimal oversight and instruction regarding how to extract and handle" data stored in Cal DOJ's firearms-related databases. (Report at 7.)

Furthermore, according to the Report, despite "multiple levels of internal review" before the publication of the Firearms Dashboard, "these reviews were not sufficiently documented, systematic, or rigorous, and did not include confirmation that there was no confidential personal data in the underlying dataset and/or accessible to the public." (Report at 8.) These woefully inadequate security measures are essentially the same as the ones at issue in the present case. Specifically, Cal DOJ has made assurances in this case that there are multiple layers of review and security protocols to ensure that third parties adequately protect Plaintiffs' confidential personal information. (*See, e.g.*, ECF No. 49 at 11:18–19, 13:15–14:2, & 15:22–16:8.) But based on the Report's conclusion that Cal DOJ's policies and procedures are not adequate to ensure even proper internal review, it

necessarily follows that those policies and procedures are not sufficient to ensure proper oversight of third-party researchers' data security.

Also noteworthy is the Report's description of Cal DOJ's "Research Center," which "conducts a wide variety of research and data-related services for DOJ and the public, such as empirical studies and literature reviews; qualitative reviews; statistical modeling; and recidivism reporting." (Report at 19.) The very existence of Cal DOJ's Research Center, which has full access to California's firearms-related databases, contradicts Cal DOJ's argument that important research cannot be done without transferring confidential personal information to third-party researchers.

**B.**      **The Court May Take Judicial Notice of Public Records and Government Documents Available from the Internet.**

Under Federal Rule of Evidence 201, "the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (internal quotation marks and brackets omitted); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities).  Furthermore, "[j]udicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (quotation marks omitted).

Exhibit 1 to the declaration is a copy of a press release by the California Department of Justice entitled "California Department of Justice Releases Results of Independent Investigation of Firearms Dashboard Data Exposure." Exhibit 2 to the declaration is a copy of the official "Report of Investigative Findings and Recommendations" concerning the Cal DOJ's "June 27-28, 2022 Exposure of

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Confidential Personal Data." These exhibits consist of official publications of the California Department of Justice and, thus, are judicially noticeable.

**C.      Conclusion.**

For the foregoing reasons, Plaintiffs' respectfully request that the Court take judicial notice of the Supplemental Evidence submitted herewith.

Dated:  December 5, 2022                           Respectfully submitted,

SNELL & WILMER L.L.P.


By:_____
    Michael B. Reynolds
    Colin R. Higgins
    Cameron J. Schlagel
    Attorneys for Plaintiffs

Plaintiffs' Supplemental Request for Judicial Notice

Snell & Wilmer
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## DECLARATION OF CAMERON J. SCHLAGEL

I, Cameron J. Schlagel, declare as follows:

1.      I am an attorney and member in good standing of the State Bar of California.  I am an attorney with the law firm of Snell & Wilmer L.L.P., counsel of record in this action for Plaintiffs Jane Doe, John Doe No.1, John Doe No. 2, John Doe No. 3, and John Doe No. 4 (jointly, "Plaintiffs").  I submit this declaration in support of Plaintiffs' Supplemental Request for Judicial Notice in Support of their Motion for Preliminary Injunction and their Opposition to Defendant's Motion to Dismiss.  I have personal knowledge of the following matters, and if called upon to do so, could and would testify competently to the following.

2.      **Exhibit 1** is a true and correct copy of the "California Department of Justice Releases Results of Independent Investigation of Firearms Dashboard Data Exposure." The webpage is available at: https://oag.ca.gov/news/press-releases/california-department-justice-releases-results-independent-investigation.

3.      **Exhibit 2** is a true and correct copy of is a copy of the official "Report of Investigative Findings and Recommendations" dated November 30, 2022.  A copy of the Report is also available on Cal DOJ's website at: https://oag.ca.gov/system/files/attachments/press-docs/ca-doj-report.pdf.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of December, 2022, at Costa Mesa, California

Cameron J. Schlagel

4868-4192-3341